■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DONALD E. SMITH, Appellant.— REYNOLDS, J. Appeal from an order of the Supreme Court, St. Lawrence County, denying, after a hearing, appellant's application in the nature of a writ of error *coram nobis.* Previously we held that a hearing was required as to appellant's complaint that he was deprived of the right to appeal (28 A D 2d 1167). That has now been held and on the record the trial court quite properly found that there was insufficient proof of appellant's claim, and, in fact, appellant does not dispute that finding on this appeal. Rather he asserts that he was improperly prevented from introducing additional witnesses to support his assertions because his assigned counsel refused to subpoena them. The conduct of a lawsuit, including the decision of which witnesses to call, is within the sole province of the attorney handling the case, and a client has no right to insist upon a particular course of conduct (see *People* v. *Brown,* 7 N Y 2d 359, cert. den. 365 U. S. 821; *People* v. *Lupo,* 19 A D 2d 558, cert. den. 369 U. S. 807; Canons of Professional Ethics, New York State Bar Association, Canons 24, 31). It is only where the attorney's conduct, if acting within his proper sphere as a professional

advocate (cf. *People* v. *Kennedy*, 22 N Y 2d 280), is so ineffective as to make the proceedings a mockery of justice that the courts will intervene (*People* v. *Brown, supra*; *People* v. *Rossi*, 28 A D 2d 619, affd. 21 N Y 2d 777). Here appellant's attorney clearly assessed the prospective testimony of each witness in question and decided who should be called. His appraisal of these witnesses and their testimony we cannot say was so wrong or baseless as to render the proceedings a mockery of justice and, accordingly, the order appealed from must be affirmed. Order affirmed. Gibson, P. J., Herlihy, Reynolds, Cooke and Greenblott, JJ., concur in memorandum by Reynolds, J.