■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ARTHUR SCOTT, Appellant.— Judgment unanimously affirmed. Memorandum: Appellant was convicted of criminally selling a dangerous drug in the third degree. His guilt was established beyond a reasonable doubt and we find no error during the trial to warrant a reversal. It is necessary, however, to discuss appellant's motion to dismiss the indictment on the ground that he was being subjected to double jeopardy. On December 1, 1971, after four jurors had been selected and sworn, the court granted People's motion for a mistrial on the ground that an indispensable witness was out of the State and would not be available for the trial. On January 3, 1972, when the case was again called for trial, appellant moved to dismiss the indictment on the ground that he was being subjected to double jeopardy, contending that the trial had commenced by the previous selection of

four jurors. In support of that claim, appellant relied on CPL 260.30 which, in prescribing the order in which a jury trial shall proceed, provides: "1. The jury must be selected and sworn." However, in view of other sections of the Criminal Procedure Law, directed specifically to the subject of double jeopardy, we think the section relied on by appellant is neither relevant nor determinative. Prior to the adoption of the Criminal Procedure Law, the traditional double jeopardy rule in New York was that a person was not placed in jeopardy until the jury had been examined and sworn and evidence given (*Matter of Bland* v. *Supreme Ct.*, 20 N Y 2d 552, 554). The new criminal procedure statute, effective September 1, 1971, includes section 40.20, which provides that a person may not be twice prosecuted for the same offense. (N. Y. Const., art. I, § 6.) By way of implementation of this provision, CPL 40.30 states that a person "is prosecuted" for an offense, within the meaning of CPL 40.20, when the action proceeds to the trial stage and a witness is sworn. By this provision it is clear that, under the Criminal Procedure Law, jeopardy attaches, not on the selection and swearing of the jury as described in CPL 260.30, but on the subsequent swearing of a witness, as provided in CPL 40.30. There is another consideration which must be borne in mind in resolving a claim of double jeopardy. Under *Benton* v. *Maryland* (395 U. S. 784) the standard set forth in *Downum* v. *United States* (372 U. S. 734), holding that jeopardy attaches when a jury has been impaneled and sworn, is now applicable to State prosecutions. In *Benton* the court found at page 794 "that the double jeopardy prohibition of the Fifth Amendment represents a fundamental ideal in our constitutional heritage, and that it should apply to the States through the Fourteenth Amendment". In view of these decisions, CPL 40.30 should be amended to comply with the rule of *Downum*. However, the present appellant can draw no comfort from the foregoing, for even under *Downum* — which is more favorable to a defendant than is CPL 40.30 — the stage when jeopardy attaches has not been reached at the selection and swearing of only four jurors. (Appeal from judgment of Niagara County Court convicting defendant of criminally selling dangerous drug, third degree.) Present — Del Vecchio, J. P., Marsh, Witmer, Moule and Henry, JJ.