Per Curiam.

Defendant stands convicted of the crime of
criminal impersonation (Penal Law, § 190.25). Defendant has been tried twice on six misdemeanor charges. The crime of which he stands convicted was one of these charges.
At the first trial, at the conclusion of the presentation of evidence by both sides, the Trial Judge dismissed this, and one other, count on the ground that, as a matter of law, the People had failed to establish defendant’s guilt on these charges beyond a reasonable doubt. When the jury at the first *927 trial was unable to agree upon a verdict on the remaining four counts, a mistrial was declared and a new trial ordered. Under the asserted mandate of the CPL, defendant was retried on all six counts (CPL 280.20, 310.60, subd 2; CPL 360.55, 440.10, subd 6; CPL 470.55). On the retrial the jury found defendant guilty only of the count of criminal impersonation.
At the inception of the second trial, defendant had moved to dismiss this count on the basis of double jeopardy (US Const, 5th and 14th Arndts; NY Const, art I, § 6; CPL 40.30, subd 1, par [b]; Benton v Maryland, 395 US 784; People v Jackson, 20 NY2d 440, cert den 391 US 928; People v Ressler, 17 NY2d 174, 179-180). It was error to deny this motion (United States v Sisson, 399 US 267, 288; United States v Ball, 163 US 662, 671; People ex rel. Stabile v Warden, 202 NY 138, 151).
A person may not be twice prosecuted for the same offense (CPL 40.20). A person "is prosecuted” for an offense when the action proceeds to the trial stage and a witness is sworn (CPL 40.30, subd 1). Clearly, defendant was put in jeopardy at the first trial, which went far beyond the swearing of a witness (cf People v Paquette, 31 NY2d 379; People v Scott, 40 AD2d 933). Moreover, where, at a trial, the proof falls below the prescribed standard for conviction, the accused is entitled as a matter of law to an acquittal (People v Ledwon, 153 NY 10). Having previously been put at the risk of conviction, and been acquitted of the charge of criminal impersonation (see, also, People v Schwartzman, 24 NY2d 241, 250; People v Vidal, 26 NY2d 249, 253), constitutionally defendant could not thereafter be tried on this charge (People v Goldfarb, 152 App Div 870, 874, affd 213 NY 664; Green v United States, 355 US 184).
To the extent that the cited sections of the CPL may be construed to the contrary, they are constitutionally unenforceable.
The judgment of conviction should be reversed on the law, information dismissed, and bail exonerated.