Cooke, J.
Petitioners McGrath and Farrell seek to prohibit the District Attorney of Kings County and certain Justices of the Supreme Court from prosecuting them under two indictments pending in said county. The Appellate Division has dismissed the proceeding.
Under Queens County indictment 4619 for 1972, petitioners were indicted for various counts of grand larceny in the second degree, criminal possession of stolen property in the first degree and unauthorized use of vehicles, as well as for one count of possession of burglar’s tools and one of conspiracy in the third degree, all alleged to have been committed on or about and between April 25, 1972 and May 23, 1972. They were also indicted under Kings County indictments 6334 for 1972 and 6652 for 1973 which contained a number of counts for said crimes of grand larceny, criminal possession and unauthorized use perpetrated during the same period. The Kings County counts do not coincide in all respects with those in the Queens indictment. However, for our discussion, we can overlook the dissimilarities. The petition recites: "we were subsequently arrested and arraigned in Kings County Criminal Court * * * the arrests again being made * * * and the cases based on the same facts and circumstances as the Queens cases (the identity of these cases has been conceded thus far by the Kings County District Attorney’s Office in response to previous motions made herein).” The brief of the People states: "Respondent has always conceded that the automobiles and complainants involved in the Kings County charges are the same as those involved in the Queens County Indictment” and "the District Attorney of Kings County has continually stipulated as to the similarity of the instant indictment [sic], thus never initiating a factual disparity between the separate charges.”
Pursuant to an order of the Supreme Court, Queens County, dated January 31, 1973, an eavesdropping warrant, as extended, was controverted and any evidence obtained as a result was suppressed. The memorandum on which said order was based cited CPL 700.20 (subd 2, par [d]; subd 3), Aguilar v Texas (378 US 108) and Spinelli v United States (393 US 410), and stated that the motion was granted "[s]ince the affidavit in this application does not contain the basis of the infor *410 mant’s knowledge or belief nor does it meet the two-pronged test, namely the credibility of the information imparted by the informer, nor does it show any personal observations of the detective involved that would meet the standards of probable cause”. By a further order dated March 7, 1973, on an application by McGrath, said court granted a motion to controvert a search warrant, since it was obtained as a result of said eavesdropping "previously determined to have been improvidently issued”, and dismissed indictment 4619 for 1972 since, upon inspection of the Grand Jury minutes and upon excising therefrom evidence seized as a result of the search warrant declared invalid, there was "insufficient legal evidence contained therein to sustain the indictment.” No appeal was taken from either order.
Petitioners now contend that, by virtue of the Queens County rulings, the People are precluded from prosecuting under the Kings County indictments because of double jeopardy, res judicata, collateral estoppel and law of the case.
The double jeopardy prohibition of the Fifth Amendment represents a fundamental ideal in our constitutional heritage and is applicable to the States through the Fourteenth Amendment (Benton v Maryland, 395 US 784, 794). Its protection to the individual is also preserved by our State Constitution (NY Const., art I, § 6), but its definition is left to the State Legislature (Matter of Klein v Murtagh, 44 AD2d 465, 469, affd 34 NY2d 988; People v Fernandez, 43 AD2d 83, 87). Obviously, petitioners were not "prosecuted” in Queens County within the meaning of CPL 40.20, prescribing the circumstances when a previous prosecution is a bar to a second prosecution, since, under CPL 40.30 (subd 1), the action did not terminate in a conviction upon a plea of guilty or proceed to the trial stage where a witness was sworn (see L. 1970, ch. 996, § 1, eff. Sept. 1, 1971) or where a jury was impaneled and sworn or, in the case of a trial by the court without a jury, a witness was sworn (see L. 1974, ch. 80, § 1, eff. March 19, 1974; People v Scott, 40 AD2d 933; 1974 Supplementary Practice Commentary on CPL 40.20 in McKinney’s Cons. Laws of N. Y., Book 11 A, CPL 1-169). None of the exceptions in the other subdivisions of CPL 40.30 is applicable.
There has been some confusion in terminology regarding these principles (see 46 Am Jur 2d, Judgments, § 397; 5 Weinstein-Korn-Miller, N. Y. Civ. Prac., par 5011.08; Wach *411 tell, New York Practice Under the CPLR [4th ed], pp 361-367). Although collateral estoppel, as an aspect of the broader doctrine of res judicata, was originally developed in connection with civil litigation (Hoag v New Jersey, 356 US 464, 470; see United States v Oppenheimer, 242 US 85), it is also applicable in criminal cases (Yates v United States, 354 US 298, 335-336; People v Lo Cicero, 14 NY2d 374; People v Dreares, 15 AD2d 204, 206, affd 11 NY2d 906), although not always in quite the same way as in civil cases (People v Reisman, 29 NY2d 278, 285, cert den 405 US 1041; see, generally, Res Judicata — Criminal Cases, Ann., 9 ALR3d 203, 212-214, 233-239).
Collateral estoppel means simply that, when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit (Ashe v Swenson, 397 US 436, 443, 445; see People v Cunningham, 62 Misc 2d 515, 519). This doctrine has acquired constitutional dimension since the Supreme Court in Ashe held that it is embodied in the guarantee of the Fifth Amendment of the United States Constitution against double jeopardy.
As indicated in Ashe, an ultimate fact adjudged or determined in the previous litigation must be accepted by the same parties in subsequent litigation (cf. People v Rodgers, 184 App Div 461, 465, affd 226 NY 671), and collateral estoppel does not apply to an unmixed question of law (cf. United States v Moser, 266 US 236, 242). Supreme Court, Queens County, controverted the search warrant and dismissed the indictment, it being stated in the supporting memorandum that the affidavit supporting the search warrant indicates that probable cause for said warrant was furnished at least in part as a result of an eavesdropping order previously determined to have been improvidently issued. It was further held that, upon inspection of the Grand Jury minutes and excising therefrom the evidence seized as a result of the search warrant, declared to be invalid, there was insufficient legal evidence to sustain the indictment. Thus, the fall of the indictment follows in direct sequence from the suppression order respecting "the tapes and any evidence obtained as a result therefrom”. In the memorandum preceding said order, after citing CPL 700.20 (subd 2, par [d]; subd 3) and the decisions in Aguilar v Texas and Spinelli v United States, it was held that the tapes and evidence obtained as a result should be suppressed since the *412 affidavit “does not contain the basis of the informant’s knowledge or belief nor does it meet the two-pronged test, namely the credibility of the information imparted by the informer, nor does it show any personal observations of the detective involved that would meet the standards of probable cause”. The memorandum does not indicate a dispute of facts in the affidavit or that those stated were ambiguous or susceptible of differing inferences. Obviously, that determination was based on the conclusion that the facts alleged in the affidavit, irrespective of whether additional information existed, were insufficient as a matter of law (cf. People v Sutton, 32 NY2d 923; People v Hendricks, 25 NY2d 129,133).
To invoke collateral estoppel, the issue of ultimate fact must have been determined by a “final judgment” (Ashe v Swenson, 397 US 436, supra; see People v Cornier, 42 Misc 2d 963, 967). Here, there was not the requisite finality since the dismissal would not bar a trial based on a subsequent accusatory instrument charging the identical offenses (see CPL 210.20, subd 1, par [b]; subd 4; People v Kohut, 30 NY2d 183, 193), and since the dismissal was based on the suppression order which was interlocutory in nature (Di Bella v United States, 369 US 121, 131; United States v Wallace Co., 336 US 793, 801-802; Cogen v United States, 278 US 221, 227; United States v Williams, 227 F2d 149, 152; cf. Merriam v Saalfield, 241 US 22, 28; People v Prewitt, 52 Cal 2d 330; 5 Weinstein-Korn-Miller, N. Y. Civ. Prac., par 5011.11, pp 50-81).
Vavolizza v Krieger (33 NY2d 351) is distinguishable and does not compel a contrary result. The holding was “[o]n the peculiar facts as we find them in this case” (p 353) and in which it was stated that “[w]hat we do find is a prior adjudication on a motion brought within a prior proceeding in which issues identical to those now raised were decided” (p 356). In said action brought by plaintiff against his former attorney for malpractice based on the contention that he was literally forced in a criminal case into a guilty plea by defendant, although not guilty of the charges, we held that the allegations had been decided on the merits against plaintiff in Federal court on plaintiff’s motion to vacate his plea and conviction. Said court stated (p 355) that the assertions of being pressured by counsel to plead guilty were negatived by plaintiff’s " 'prior declarations before this Court * * * and totally contradicted by the record and petitioner’s conduct at sentencing.’ ” There, the merits of the singular issue present *413 had been determined but, here, the basic issue, the guilt or innocence of petitioners, was not resolved by the Queens proceedings.
We need not consider the doctrine of law of the case since it applies to various stages of the same litigation and not to different litigations (cf. Fadden v Cambridge Mut. Fire Ins. Co., 51 Misc 2d 858, affd 27 AD2d 487; 5 Weinstein-KornMiller, N. Y. Civ. Prac., par 5011.09; 1 Carmody-Wait, 2d, N. Y. Practice, § 2:64; 21 C.J.S., Courts, § 195).
The judgment of the Appellate Division should be affirmed.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler and Fuchsberg concur.
Judgment affirmed, without costs.