## THIRD DEPARTMENT, FEBRUARY, 1976

### (February 5, 1976)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT F. GARROW, SR., Appellant.—Appeal from a judgment of the County Court of Hamilton County, rendered July 1, 1974, upon a verdict convicting defendant of the crime of murder and sentencing him to an indeterminate term of imprisonment of 25 years to life. Defendant was convicted of the stabbing death of one Phillip Domblewski, which occurred on July 29, 1973 in the Town of Wells, Hamilton County. At his trial, defendant admitted committing the fatal act and relied on the defense of insanity. Taking the stand in his own defense, he also confessed to three other murders and numerous rapes. It subsequently developed that, prior to the trial, defendant's attorneys had learned from their client the whereabouts of the bodies of some of his other murder victims, but treating this knowledge as a lawyer-client confidence notified neither the authorities nor the relatives of the victims. After defendant testified to these prior murders at his trial, however, the attorneys made their knowledge public. On this appeal, defendant initially argues that he was denied the effective assistance of counsel because of a conflict of interest on the part of his attorneys. We disagree. Defendant bases his claim upon his lawyers' decision to have him testify, which he maintains was motivated by their own self-interest so that they could avoid prosecution by making their knowledge of his past murders public without violating the lawyer-client privilege. We would point out, however, that defendant's testimony would not serve to exculpate his attorneys after they had maintained silence for several months, and, indeed, one of the attorneys was subsequently indicted for his conduct in remaining silent (People v Belge, 83 Misc 2d 186). Moreover, while the strategy of putting defendant on the stand might be questioned by some, we cannot say that it was unreasonable to expect that he would buttress his defense of insanity by his testimony as to his past crimes and bizarre behavior. Clearly, the record in this case does not support a finding that the proceedings herein amounted to a farce or a mockery of justice warranting a reversal of the judgment of conviction (People v Smith, 31 AD2d 847; People v Rossi, 28 AD2d 619, affd 21 NY2d 777). Similarly, there is no merit to the contentions that defendant was improperly denied a change of venue or that he was denied a fair trial because of pretrial publicity. The change of venue question has previously been resolved against defendant by this court, and, significantly, nothing in the record indicates that defendant exhausted his pre-emptory challenges in the selection of the jury (cf. People v Di Piazza, 24 NY2d 342). With regard to the pretrial publicity, it must be recognized that trials cannot be held "in a vacuum, hermetically sealed against rumor and report" (Baltimore Radio Show v State, 193 Md 300, 330, cert den 338 US 912; see Murphy v Florida, 421 US 794), and defendant has failed to demonstrate publicity here of such sensational character as to deny him a fair trial (People v DiPiazza, supra). Defendant's remaining contentions relate to the conduct of the trial and to discovery and evidentiary matters. Even assuming that they allege actual

errors, said errors are rendered harmless by the overwhelming evidence of defendant's guilt, including his open court confession and eyewitness testimony to the murder. Accordingly, there was no significant probability that defendant would have been acquitted had these alleged errors not been committed, and the conviction must be affirmed (cf. *People v Crimmins*, 36 NY2d 230). Judgment affirmed. Koreman, P. J., Greenblott, Main, Herlihy and Reynolds, JJ., concur.