(May 20, 1976)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT F. GARROW, SR., Appellant.—Appeals from (1) a judgment of the County Court of Essex County and (2) a judgment of the County Court of Warren County, both rendered March 7, 1975, convicting defendant upon his pleas of guilty of murder. The defendant was tried and convicted of murder in Hamilton County in July of 1974. At that trial the defendant confessed to three other murders, one each in Essex, Warren and Onondaga Counties. As a direct result of this confession, defendant was indicted for murder in those three counties. After extensive plea bargaining among the defendant, his counsel, the three District Attorneys and County Judges of Essex, Warren and Onondaga Counties, an agreement was reached whereby the defendant would plead guilty to one count of murder in each of the three counties in full satisfaction of the pending indictments in those counties and each county would impose a sentence of 15 years to life to run concurrently with the sentence of 25 years to life imposed by the court in Hamilton County as the result of his conviction of murder in July of 1974. This agreement was reached in Onondaga County with all principals present and after being reduced to writing was approved by the County Judges of the counties involved. Thereafter, defendant, on March 6, 1975, pleaded guilty to murder in Onondaga County and, on March 7, 1975, pleaded guilty to murder in Warren and Essex Counties. He was sentenced in each county in accordance with the agreement. The written agreement in each instance was made a part of the official court record. These appeals are from the convictions in Essex and Warren Counties and each raises the same issues. First, should the indictments in Essex and Warren Counties be dismissed because they are based on defendant's in-court confession which was obtained in violation of his right to counsel? Second, should the convictions in Essex and Warren Counties be reversed because the People have violated the terms of the negotiated plea-bargaining agreement? Both inquiries must be answered in the negative. This court recently ruled that defendant's in-court confession during the Hamilton County murder trial was not obtained in violation of his rights *(People v Garrow,* 51 AD2d 814). The issue cannot be reviewed again by this court. The record herein fails to indicate any breach of the

plea-bargaining agreement. To the contrary, the record conclusively shows that all substantive aspects of the agreement have been performed. The defendant received the sentences for which he bargained and it would appear that all psychiatric records have been forwarded to the officials of the facility where defendant is incarcerated. The failure to provide defendant with a television set, the censoring of his mail and the failure to provide his wife with transportation to the prison are, if true, administrative matters, not included in the agreement alleged to have been breached and, further, are properly the concern of the Department of Correctional Services. Judgments affirmed. Koreman, P. J., Sweeney, Kane, Mahoney and Larkin, JJ., concur.