OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
Defendant appeals from a judgment entered in New York County convicting him, upon his plea of guilty, of grand larceny in the third degree and sentencing him as a second felony offender to an indeterminate term of from IV2 to 3 years’ incarceration. New York County Supreme Court based its determination of predicate felon status on a 1973 conviction for attempted possession of a weapon in the third degree. That very issue had only recently been resolved against the People in a prior proceeding in Queens County. A Supreme Court Justice there, employing a standard we subsequently disapproved (People v Harris, 61 NY2d 9), found the 1973 conviction unconstitutionally obtained and an invalid basis upon which to adjudicate defendant a predicate felon. Defendant contends that the People should therefore have been estopped from seeking a predicate felon adjudication in the New York County proceeding based upon the 1973 conviction.
Application of the doctrine of collateral estoppel requires, among other things, that there has been a prior proceeding resulting in a valid and final judgment (People v Goodman, 69 NY2d 32, 37; People v Sailor, 65 NY2d 224, 228-229; Matter of McGrath v Gold, 36 NY2d 406; Ashe v Swenson, 397 US 436, 443). Without deciding whether there are other impediments *948 to the application of collateral estoppel here, we note that although there had been a guilty plea entered in the Queens County proceeding, sentence had not yet been imposed, and the People had not had an opportunity to challenge the adverse ruling on appeal. Indeed, defendant still had the opportunity to move to withdraw his plea (see, CPL 220.60 [3]). Thus, at the time of the New York County proceeding, no final valid judgment had been rendered in the prior proceeding (see, CPL 1.20 [15] [defining judgment as conviction and sentence imposed thereon]). Therefore, the People were not estopped from relitigating defendant’s status as a predicate felon at the subsequent proceeding in New York County (People v Sailor, 65 NY2d 224, 228-229, supra; Matter of McGrath v Gold, 36 NY2d 406, 412, supra).
Defendant’s remaining contentions are without merit.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Order affirmed in a memorandum.