■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW MOORE and JOHN FOX, Appellants.—Kane, J. Appeal from two judgments of the Supreme Court (Ellison, J.), rendered July 27, 1987 in Tompkins County, convicting defendants upon their pleas of guilty of the crime of conspiracy in the fourth degree.

In late 1986 defendants were each indicted in Tompkins County on one count of conspiracy in the fourth degree, charging that they had agreed, along with five other defendants, to engage in an illegal narcotics operation with Eric Degen, an unindicted coconspirator, concerning the possession and sale of cocaine. The indictment was based on evidence obtained through the use of an eavesdropping warrant and Degen's testimony before the Grand Jury. The warrant was based in part on information received by a confidential informant. In December 1986 defendants both moved for, inter alia, dismissal of the indictment and suppression of the evidence gathered pursuant to the eavesdropping warrant. By orders dated April 21, 1987 Supreme Court denied the motions, finding the eavesdropping warrant to have been properly issued. However, prior to Supreme Court's decision, County Court of Chenango County, on April 14, 1987, in a separate case, found that the same eavesdropping warrant involved herein was invalid because the reliability of the informant had not been sufficiently established. As a result, defendants moved on April 29, 1987 for reargument of their prior motions, claiming that Supreme Court was bound under the doctrine of collateral estoppel by County Court's prior determination on the question of the warrant's validity. Supreme Court rejected this claim and denied the motions to reargue. Defendants each then pleaded guilty to the charged crime, were sentenced and now appeal.

We affirm. In so doing, we turn initially to defendants' claim that collateral estoppel is applicable to the facts of this case. By way of background, we note that this doctrine is not as relevant in criminal cases as it is in civil actions and is applied with greater flexibility in criminal matters *(see, People v Sailor,* 65 NY2d 224, 228, *cert denied* 474 US 982). In civil actions the primary concern is with the swift resolution of private disputes, while in criminal litigation the main focus is to reach a correct result *(People v Plevy,* 52 NY2d 58, 64). As the Court of Appeals has emphasized, "Strong policy considerations militate against giving issues determined in prior litigation preclusive effect in a criminal case" *(People v Fagan,* 66 NY2d 815, 816).

Bearing these principles in mind, and with respect to the case at hand, it has been determined that collateral estoppel applies in criminal matters only when there has been a valid and final judgment in the prior proceeding *(People v Goodman,* 69 NY2d 32, 37-38). Under the facts of this case, this requirement has not been satisfied. In the Chenango County proceeding, the eavesdropping warrant was found to be invalid and the indictment was dismissed. This was not a final decision to which the doctrine of collateral estoppel could apply. The Court of Appeals dealt with a similar situation in *Matter of McGrath v. Gold* (36 NY2d 406). There, a search warrant was deemed invalid resulting in a dismissal of the indictment in the prior proceeding. In deciding that the doctrine of collateral estoppel did not apply in the second proceeding, the court noted that: "there was not the requisite finality since the dismissal [in the first proceeding] would not bar a trial based on a subsequent accusatory instrument charging the identical offenses * * * and since the dismissal was based on the suppression order which was interlocutory in nature" *(supra,* at 412 [citations omitted]). *(See also, People v Sanders,* 71 NY2d 946.) Therefore, based on the analysis set forth in *McGrath,* the doctrine of collateral estoppel does not apply in the instant case. Cases which have applied the doctrine are factually dissimilar and have involved final judgments *(see, e.g., People v Plevy,* 67 AD2d 591, 597, *affd* 52 NY2d 58 [order denying suppression in first proceeding became final and reviewable on appeal from the defendant's conviction and therefore formed the basis for estoppel]; *People v Nieves,* 106 Misc 2d 395 [evidence suppressed in first proceeding and the People affirmatively moved to dismiss the charges for lack of evidence therefore the order became final and subject to estoppel]).

We also reject defendants' contention that sufficient probable cause did not exist to support the issuance of the eavesdropping warrant. Here, it is not disputed that the informant used in acquiring the warrant had an adequate basis of knowledge from which he gave his information to the police; rather, the question is whether he was sufficiently reliable (see, *Aguilar v Texas,* 378 US 108; *People v Johnson,* 66 NY2d 398, 400; *People v Griminger,* 127 AD2d 74, 82-83, *affd* 71 NY2d 635). In our view, reliability was adequately established by police observations corroborative of the information received and the facts observed were sufficiently suggestive of criminal activity (see, *People v Elwell,* 50 NY2d 231, 237). A pen register* had been placed on a telephone line of a suspected drug dealer which showed that calls had been made to individuals with prior drug charges and convictions. Several of these individuals corresponded to the information supplied by the informant. Furthermore, the officer in contact with the informant personally overheard a conversation between the informant and Degen during which Degen explained his immediate plans with regard to selling cocaine. Given these facts, Supreme Court properly determined that probable cause existed for the granting of the eavesdropping warrant.

As a final matter, by pleading guilty, defendants waived any claims relating to the sufficiency of the evidence before the Grand Jury (see, *People v Dunbar,* 53 NY2d 868, 871).

Judgments affirmed. Mahoney, P. J., Kane and Yesawich, Jr., JJ., concur.

Mikoll and Harvey, JJ., concur in part and dissent in part in a memorandum by Mikoll, J. Mikoll, J. (concurring in part and dissenting in part). We respectfully dissent.

Defendants contend that the People had a full and fair opportunity to sustain the sufficiency of the eavesdropping warrant in the Chenango County case and that, in failing to do so, they should be foreclosed from a second opportunity on the ground of collateral estoppel. Reargument was denied on the basis that the issue of probable cause was an unmixed question of law to which the concept did not apply. Supreme Court also held, citing *Matter of McGrath v Gold* (36 NY2d 406), that the issue of probable cause had not been finally determined in the Chenango County case, thus making collateral estoppel inapplicable.

Although the majority did not address the People's conten-

---

* A pen register is a device used to monitor telephone numbers called from a monitored telephone.

tion that defendants, by their pleas of guilty, forfeited their right to appeal the denial of their suppression motions, by reviewing the matter, the majority has by implication concluded that under CPL 710.70 (2) Supreme Court's order denying suppression is a final order which is appealable. With this we concur.

We note also that, contrary to Supreme Court's holding, the question of probable cause is a mixed question of law and fact to which collateral estoppel is applicable if certain criteria are met *(People v McGriff,* 130 AD2d 141, 142). In *People v Goodman* (69 NY2d 32, 38), the Court of Appeals noted: "Before collateral estoppel may be applied in a subsequent criminal case, there must be an identity of parties * * * and issues * * * and a prior proceeding resulting in a final and valid judgment * * * in which the party opposing the estoppel had a 'full and fair opportunity' to litigate [citations omitted]".

Here, after County Court granted the motion to suppress in the Chenango County case upon concluding that the eavesdropping warrant was not issued upon probable cause, the indictment was dismissed. County Court set forth detailed findings of fact and conclusions of law that were fully litigated. The indictment in the Chenango County case was dismissed on motion of the People, made April 14, 1987, for lack of evidence to proceed as a consequence of the suppression order and, therefore, the "suppression order is a final order that is capable of working a collateral estoppel effect if the other prerequisites of the doctrine are found to exist" *(People v Nieves,* 106 Misc 2d 395, 398).

The fact that the People could have sought authorization to resubmit the charges under CPL 210.20 (4) does not mean that this was not a final decision to which the doctrine of collateral estoppel could apply. Such reasoning overlooks the effect of County Court's dismissal of the indictment in the order of suppression. It has been held that "[d]ismissal of the indictment simultaneously with the suppression of statements guarantees finality, and renders the filing of a statement pursuant to CPL 450.50 (1) unnecessary" *(People v Townsend,* 127 AD2d 505, 507, *lv denied* 69 NY2d 1011; *see, People v Brooks,* 54 AD2d 333, 336-337; *see also, People v Midgett,* 86 Misc 2d 1003, 1005).

As an aside, we note that charges can be resubmitted under CPL 210.20 to the same or a different Grand Jury when an indictment is dismissed. We also note that the People have not made any motion to resubmit the charges to a Grand Jury

since their motion to dismiss was made on April 17, 1987. Such a length of time would foreclose a resubmission. The statute states that resubmission must be made upon the dismissal of the indictment. This has been interpreted to be in a timely fashion. The length of time herein involved would foreclose resubmission *(see, People v Shukla,* 58 AD2d 879, *affd* 44 NY2d 756; *People v Jenkins,* 39 AD2d 924, 925; *People v Maldanado,* 97 Misc 2d 653, 657).

The identity of issues criteria is met in both proceedings: the question of the validity of the eavesdropping warrant, whether in Chenango County Court or Supreme Court, Tompkins County, is dependent upon whether the hearsay information which served as a predicate for the warrant came from an informant with an adequate basis of knowledge and demonstrated reliability. Both cases involve the same warrant, the same warrant application and the same informant. Accordingly, the determination as to whether there was probable cause for such a warrant should in no way be affected by the particular defendant involved or the particular court involved *(see, People v McGriff,* 130 AD2d 141, 150, *supra).* Additionally, there is an identity of the parties involved for purposes of invoking the doctrine of collateral estoppel. The prosecuting agencies "both speak in the name of the People of the State of New York, albeit under the direction of different District Attorneys" *(supra).*

As to whether the People had a fair and full opportunity to litigate the contested issue, we note that the issue of probable cause was fully litigated in the determination in the Chenango County case currently being asserted against the People *(see, People v Plevy,* 67 AD2d 591, *affd* 52 NY2d 58). The People faced no impediment in the Chenango County case which would have had the effect of discouraging them from fully litigating the issue.

Accordingly, we would hold that collateral estoppel does apply to the suppression motions made by defendants in this case and the judgments should be reversed.