■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERALD A. CONTENTO, JR., Appellant.—Harvey, J. Appeal from a judgment of the Supreme Court (Ellison, J.), rendered July 27, 1987 in Tompkins County, convicting defendant upon his plea of guilty of the crime of conspiracy in the fourth degree.

The underlying facts in this case are set forth in more detail in this court's prior decision involving two of defendant's codefendants *(see, People v Moore,* 142 AD2d 895). Briefly stated, defendant and six others were each indicted on one count of conspiracy in the fourth degree, charging that they had agreed to engage in an illegal narcotics operation with Eric Degan, an unindicted coconspirator, concerning the possession and sale of cocaine. Along with Degan's testimony before the Grand Jury, the indictment was also based on evidence gathered through the use of an eavesdropping war-

rant. Thereafter, defendant moved for, *inter alia*, suppression of the evidence obtained as a result of the eavesdropping warrant and dismissal of the indictment. This motion was denied, as was a subsequent motion for reargument based on the alleged collateral estoppel effect of a separate decision by the County Court of Chenango County ruling that the same eavesdropping warrant involved herein was invalid due to the unreliability of information obtained from a confidential informant. Defendant then pleaded guilty to the charged crime and was sentenced to five years' probation and fined $1,000. This appeal followed.

We affirm. Notably, the reasoning this court applied in *People v Moore (supra)* disposes of the principal issues defendant raises on this appeal. Similar to his codefendants in *Moore*, defendant argues that probable cause for issuance of the eavesdropping warrant was lacking as the reliability of the confidential informant was not established. In addition, defendant contends that suppression was required due to the collateral estoppel effect of the order to suppress in the separate proceeding in Chenango County. However, both of these arguments were specifically rejected by this court in *People v Moore (supra)* and require no reexamination herein.

Defendant also contends that the warrant was improperly executed by failing to minimize the interception and recording of privileged or unauthorized communications not subject to the warrant. We find, however, that defendant has no standing to raise this issue since he has shown no property interest in the premises where the telephone was tapped, nor has he shown a conversation to which he was a party where lack of minimization is claimed *(see, People v Edelstein,* 54 NY2d 306; *People v Konyack,* 99 AD2d 588). Were we to examine this issue, we note that defendant has made no specific allegations of lack of minimization and, therefore, has no cognizable claim in that respect *(see, People v Weiss,* 63 AD2d 662, *affd* 48 NY2d 988).

Next, defendant argues that suppression was warranted because the tape recordings made as a result of the eavesdropping were improperly sealed. Clearly, the People must strictly comply with the requirements for the sealing of tapes and the People must offer a satisfactory explanation for any delay *(People v Winograd,* 68 NY2d 383). Sealing on the day following the termination date of the wiretap warrant is generally sufficient *(People v Edelstein, supra)*. Here, defendant argues that the eavesdropping terminated on June 16, 1986, but the tapes were not sealed until June 20, 1986. The record reveals,

however, that the authorization for the wiretap did not expire until June 20, 1986, the day the tapes were sealed. While it is true that the last intercepted communication took place on June 16, 1986, this was only because no further interception could be accomplished, despite repeated attempts, because of equipment failure. Under these circumstances, we find that the sealing was timely.

We additionally note that defendant's remaining arguments are similarly lacking in merit. Defendant claims that his request, made in his demand for a bill of particulars, for the identity of the confidential informant whose information was used to support the eavesdropping warrant was improperly denied. By pleading guilty, however, defendant waived his right to appeal all nonjurisdictional defects *(see, People v Morrison,* 104 AD2d 673; *People v Quackenbush,* 98 AD2d 875). Were we to examine this issue in the interest of justice we would be unpersuaded by defendant's arguments since the record shows that defendant did not clearly request that the identity of the informant be revealed to him. Moreover, names and addresses of witnesses are evidentiary material and therefore not properly included in a demand for a bill of particulars *(People v Green,* 83 Misc 2d 583, 596).

Finally, defendant has demonstrated no extraordinary circumstances which would justify a reduction in his sentence *(see, People v Mackey,* 136 AD2d 780, *lv denied* 71 NY2d 899).

Judgment affirmed. Mahoney, P. J., Kane, Mikoll and Harvey, JJ., concur.