■ In the Matter of BERAMY G., a Person Alleged to be a Juvenile Delinquent, Appellant. [699 NYS2d 685] —Order of disposition, Family Court, New York County (Gloria Sosa-Lintner, J.), entered November 18, 1998, which adjudicated appellant a juvenile delinquent, upon a fact-finding determination that appellant had committed acts which, if committed by an adult, would constitute the crimes of criminal sale of a controlled substance in the third degree (2 counts), criminal possession of a controlled substance in the third degree and loitering in the first degree, and placed him with the Office of Children and Family Services for a period of 12 months, unanimously affirmed, without costs.

Appellant's suppression motion was properly denied, and we further find that the court's fact-finding determination was based on legally sufficient evidence and was not against the weight of the evidence. As to both of these rulings, we see no reason to disturb the court's credibility determinations, which are supported by the record. The court had inherent power to recall and vacate its initial suppression ruling, in which suppression had been granted (see, Matter of Lionel F., 76 NY2d 747, cert denied 498 US 923; Liss v Trans Auto Sys., 68 NY2d 15, 20). After having an opportunity to review the hearing transcript, the court appropriately determined that it had not properly considered the totality of the evidence. Appellant failed to preserve his argument that the court's initial suppression ruling, wherein the testimony of the presentment agency's primary witness to the alleged acts was rejected, should have been given collateral estoppel effect as to the fact-finding hearing and, in any event, the prerequisites for application of the principle of collateral estoppel (see, Matter of McGrath v Gold,

36 NY2d 406) were not present. Concur—Sullivan, J. P., Nardelli, Wallach, Saxe and Friedman, JJ.