People v Lawson (2023 NY Slip Op 50342(U))

[*1]

People v Lawson (Cleveland)

2023 NY Slip Op 50342(U)

Decided on April 17, 2023

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 17, 2023
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Brigantti, J.P., Tisch, James, JJ.

570329/19

The People of the State of New York, Respondent,
against
Cleveland Lawson a/k/a Emanuel Marks, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Steven M. Statsinger, J., at suppression hearing; Kate Paek, J., at plea and sentencing), rendered May 28, 2019, convicting him, upon his plea of guilty, of driving while intoxicated, and imposing sentence.

Per Curiam.
Judgment of conviction (Steven M. Statsinger, J., at suppression hearing; Kate Paek, J., at plea and sentencing), rendered May 28, 2019, affirmed.
Following a suppression hearing, the court initially granted defendant's motion to suppress the evidence on the ground that the stop of defendant's vehicle was unlawful. Thereafter, the People moved for leave to reargue, contending that the stop of defendant's vehicle was lawful based upon the testifying police officer's observation of the defendant making two U-turns on a "divided highway" in violation of New York City Department of Transportation Traffic Rules and Regulations [34 RCNY] § 4-07[h][2]). A "divided highway" is defined as "any highway [that] is divided into two or more roadways by an intervening space, physical barrier, or clearly indicated dividing section so constructed to impede vehicular traffic" (34 RCNY § 4-07[h][1]). The court granted reargument and, upon reargument, denied defendant's motion to suppress. 
Contrary to defendant's contention, the court had "inherent power to recall and vacate its initial suppression ruling, in which suppression had been granted" (Matter of Beramy G., 267 AD2d 96 [1999]; see People v Franco, 155 AD3d 484 [2017], lv denied 30 NY3d 1104 [2018]). "[W]here there is a clearly erroneous dismissal ... , it is unreasonable to foreclose a court from reconsidering its previous determination, and there is no indication that the Legislature intended to preclude the Judge from reinstating [a] ... dismissed count upon reargument" (People v Lynch, 162 AD2d 134 [1990], lv denied 76 NY2d 941 [1990]). 
Upon reargument, the Court properly denied defendant's suppression motion. There is no [*2]basis for disturbing the hearing court's credibility determinations (see People v Prochilo, 41 NY2d 759, 761 [1977]). Testimony credited by the court established that defendant was traveling on a "divided highway," i.e. one with a center median, when he made both U-turns in violation of 34 RCNY § 4-07(h)(2). Accordingly, the stop of the vehicle was lawful (see People v Kindred, 100 AD3d 1038, 1039 [2012], lv denied 21 NY3d 913 [2013]; see also People v Hinshaw, 35 NY3d 427 [2020]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: April 17, 2023