THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v
STANLEY OLEKSOWICZ, Respondent.

Second Department, April 23, 1984

APPEARANCES OF COUNSEL

*Carl A. Vergari, District Attorney* (*Maryanne Luciano*
and *Gerald D. Reilly* of counsel), for appellant.

OPINION OF THE COURT

NIEHOFF, J.

On this appeal by the People we are called upon to
answer the question of whether the fact that the person
allegedly facilitated has been acquitted, after trial, of the
underlying felony provides a legal basis, under the provi-
sions of CPL 210.20 (subd 1, par [h]), for a dismissal of the
indictment against a defendant who is charged with crimi-
nal facilitation. The County Court determined that the
answer to that question was "yes". We disagree. Therefore,
we reverse the order of the County Court dismissing an
indictment charging defendant with criminal facilitation
in the fourth degree and reinstate said indictment.

Prior to March 19, 1982, the defendant Stanley Oleksow-
icz was employed by the City of Yonkers Department of

Public Works. It appears that on said date the defendant ordered a subordinate worker, James Fletcher, to load a York professional rake onto a pick-up truck being used by Michael Di Fate, a sergeant in the Yonkers Police Department.

By indictment No. 82-00426-01, Sergeant Di Fate was charged with the crimes of grand larceny in the third degree, criminal possession of stolen property in the second degree and official misconduct. By indictment No. 82-00427-01, the defendant was charged with the crime of criminal facilitation in the fourth degree.

The indictment charging defendant with criminal facilitation in the fourth degree stated that on or about March 18, 1982, defendant "believing it probable that he was rendering aid to a person, to wit, Michael DiFate, who intended to commit a crime, to wit, larceny, the defendant did engage in conduct which provided Michael DiFate with means and opportunity for the commission thereof and which in fact aided such person to commit a felony, to wit, the defendant caused a York Professional Rake, owned by the City of Yonkers, to be loaded onto a truck which was in the possession of Michael DiFate".

After a nonjury trial, Michael Di Fate was acquitted of all charges against him stemming from the incident referred to in the indictment filed against him. In his verdict after nonjury trial, the County Court Judge noted with respect to the grand larceny and criminal possession counts which are the only counts having any bearing on the indictment before us, that the only factual issue was "whether this defendant intentionally stole and possessed this rake with knowledge that it was stolen". The Judge went on to hold that (1) the evidence adduced negated any finding of criminal intent on Sergeant Di Fate's part and (2) the People failed to prove their case on the grand larceny and criminal possession counts beyond a reasonable doubt.

The day after Di Fate's acquittal, defendant moved, by order to show cause, to dismiss the indictment against him "(1) because the * * * verdict after trial in [the case against Michael Di Fate] preclude[s] the possibility that [the] People can make out a prima facie case in the instant case

[and] (2) in the interests of justice". In his decision and order, the County Court Judge denied that branch of defendant's motion which sought dismissal of the indictment in the interest of justice. However, he granted the motion to dismiss pursuant to CPL 210.20 (subd 1, par [h]) which provides for dismissal of an indictment when "[t]here exists some * * * legal impediment to conviction of the defendant for the offense charged". In granting the motion, the Judge wrote:

"The defendant quite correctly contends that the decision of this Court in the case of *People v. Michael DiFate* dated May 9, 1983 precludes a conviction of this defendant on the charge of criminal facilitation. The gravamen of the charge against the defendant alleges that he 'was rendering aid to a person, to wit, Michael DiFate, who intended to commit a crime, to wit, larceny'. By a verdict of a non-jury trial, this Court found that Michael DiFate did not possess the requisite intent to commit the crime of Grand Larceny. Therefore, on this ground alone, it is a legal impossibility for Stanley Oleksowicz to have facilitated a crime which was never intended to have been committed.

"The Court is not convinced that Penal Law 115.10 regarding no defense to the charge of Criminal Facilitation is applicable in this case. Although that statute provides that it is no defense to the charge of Cirminal [*sic*] Facilitation that the person facilitated was not convicted of the underlying felony, it is clear under the facts of this case that no crime was, in fact, committed. This is not the situation where a defendant on the underlying felony has been acquitted of a charge on some mere technicality or, simply that the People had not proved their case beyond a reasonable doubt. Rather, this Court made a specific finding that there was no criminal intent on the part of Michael DiFate in taking the rake. Moreover, the testimony of the Yonkers city officials at the trial of Michael DiFate did not convince this Court that, somewhere along the line, someone with apparent authority to do so had authorized the disposition of the rake in question. Thus, it would not have been unreasonable for this defendant, as with the defendant Michael DiFate, to have believed the rake was to have been discarded".

As stated above, we disagree with the dismissal of the indictment against defendant. Our reasons follow.

Article 20 of the Penal Law sets forth the general principles pursuant to which one party will be held criminally liable for the conduct of another. Such liability may be imposed via the "anticipatory offenses" of criminal solicitation (Penal Law, art 100), conspiracy (Penal Law, art 105), attempt (Penal Law, art 110), or, as in this case, criminal facilitation (Penal Law, art 115). Criminal facilitation was not a common-law crime and was first created by statute in 1965 (see L 1965, ch 1030). The statute which created the crime of criminal facilitation in the fourth degree (Penal Law, § 115.00) was adopted in 1978 (L 1978, ch 422).

Section 115.00 provides, in relevant part:

"A person is guilty of criminal facilitation in the fourth degree when, believing it probable that he is rendering aid:

"1. To a person who intends to commit a crime, he engages in conduct which provides such person with means or opportunity for the commission thereof and which in fact aids such person to commit a felony".

All degrees of criminal facilitation are subject to the provisions of section 115.10 of the Penal Law which specifically deprive the alleged facilitator of certain defenses. Thus, under that section:

"It is no defense to a prosecution for criminal facilitation that * * *

"2. The person facilitated has not been prosecuted for or convicted of the underlying felony, *or has previously been acquitted thereof*" (emphasis supplied).

In seeking a reversal of the order of the County Court and reinstatement of the indictment in the case at bar, the People sum up their argument in these words: "Ignoring the legislative fiat that * * * an acquittal [of the person allegedly facilitated] is no defense in a prosecution for the crime of Criminal Facilitation (PL § 115.10) and the clear and concise holding in *People* v. *Berkowitz*, 50 N.Y.2d 333 precluding a theory of collateral estoppel in such a situation, the Court [erred in dismissing the indictment]".

The People's argument and conclusion are eminently sound.

In unambiguous terms, the Legislature has provided in subdivision 2 of section 115.10 of the Penal Law that it is no defense to a prosecution for criminal facilitation that "[t]he person facilitated * * * has previously been acquitted thereof". Contrary to the conclusion of the County Judge, the Legislature has not indicated that an acquittal on certain grounds may be a defense to the accused facilitator. Rather, it has written, without limitation or exception of any kind, that it is no defense to a prosecution for criminal facilitation that the person facilitated has previously "been acquitted" of the underlying crime. The County Judge's decision that section 115.10 of the Penal Law does not apply to this case rests upon the fact that in acquitting Di Fate "this Court made a specific finding that there was no criminal intent on the part of Michael DiFate in taking the rake". However, that finding forms no basis for taking this case outside of the purview of section 115.10.

At a criminal trial, the onus is upon the People to prove the defendant's guilt beyond a reasonable doubt and the trier of the facts is called upon to decide whether the People have met that burden. If the People succeed in proving the defendant's guilt beyond a reasonable doubt, the defendant is to be found guilty; if not, he is to be found not guilty. The fact that the Trial Judge may have chosen to make a specific factual finding which went beyond merely saying that the People had failed to sustain their burden of proof, cannot add to the acquittal, or change its nature, or carry any more weight than a finding of not guilty by a jury. Simply stated, in his opinion acquitting Di Fate, the Trial Judge made it manifest that the acquittal rested upon a finding that the People had failed to prove Di Fate's guilt beyond a reasonable doubt and anything he said over and above that conclusion was purely gratuitous. It cannot change the fact that Di Fate's acquittal was an acquittal as contemplated by section 115.10 of the Penal Law.

Thus, we arrive at the conclusion that section 115.10 of the Penal Law prevents the defendant from raising Di Fate's acquittal as a defense to his prosecution.

Nor may it be said that the acquittal of Di Fate of the underlying crime collaterally estops the People from prosecuting the defendant, even though it will be necessary, at

defendant's trial, to prove Di Fate's guilt in order to convict the defendant of the crime of criminal facilitation in the fourth degree. Stated otherwise, at defendant's trial, the People will be required to prove, as set forth in the indictment, that on or about March 18, 1982, defendant "believing it probable that he was rendering aid to a person, to wit, Michael DiFate, who intended to commit a crime, to wit, larceny, the defendant did engage in conduct which provided Michael DiFate with means and opportunity for the commission thereof and which in fact aided such person to commit a felony, to wit, the defendant caused a York Professional Rake, owned by the City of Yonkers, to be loaded onto a truck which was in the possession of Michael DiFate". Notwithstanding the fact that Di Fate has already been acquitted of the underlying crime, and the People will be endeavoring to prove Di Fate's guilt once again, defendant is not entitled to invoke the doctrine of collateral estoppel.

In *People v Berkowitz* (50 NY2d 333), the defendant was charged with, and convicted of, conspiring with another to commit drug-related class A felonies. On appeal he argued, *inter alia,* that the prior acquittal of his alleged sole coconspirator precluded his conviction of conspiracy. The Court of Appeals rejected that contention holding that a defendant in a conspiracy case, whose own interests were not put directly in issue at the prior trial, "may not utilize the doctrine of collateral estoppel as a bar to his own prosecution. This is so because the doctrine of collateral estoppel may be used only against a party who has had a full and fair opportunity to previously litigate that same issue, and the People simply do not have a full and fair opportunity to contest the guilt of one defendant at the trial of another defendant" (see *People v Berkowitz, supra,* pp 346-347). The court also noted that "the acquittal of one of two defendants means merely that the People were unable to prove his guilt beyond a reasonable doubt; it does not mean that the People will necessarily be unable to prove the guilt of the other defendant beyond a reasonable doubt" (see *People v Berkowitz, supra,* p 346).

Significantly, the court in *Berkowitz* (*supra,* p 343, n 4) noted: "In light of our conclusion that collateral estoppel in

a criminal case does not operate to the benefit of a defendant whose interests were not directly involved in the prior prosecution, we need not decide whether the verdicts in the [coconspirator's] prosecution necessarily encompassed a finding that there was no agreement between defendant and [the coconspirator]".

In short, it is abundantly clear from the language in *Berkowitz* (*supra*) that collateral estoppel in a criminal case is not available to a defendant whose interests were not directly involved in the prior prosecution. It is irrelevant that the People, in the prior prosecution, failed to prove an element that they will have to prove in defendant's prosecution, to wit, that Di Fate, in fact, committed larceny.

There is an eminently sound reason for taking such a restrictive view of the doctrine of collateral estoppel as applied to criminal cases. The major function of a criminal proceeding is the conviction of the guilty and the acquittal of the innocent. Hence, the public is entitled to bring the defendant to trial and present to the trier of facts the evidence it has against him without regard to the outcome of the case against Di Fate. Defendant's interests were not directly involved in the prior prosecution of Di Fate. He was not in jeopardy in that trial and he cannot properly assert that he has been denied any rights because he will not benefit from Di Fate's acquittal. Di Fate's acquittal is simply not a legal impediment to the prosecution of defendant.

Therefore, the order appealed from must be reversed insofar as appealed from, the indictment must be reinstated, and the case must be remitted to the County Court, Westchester County.

In addition, the People request that: "Given the peculiar circumstances of the case at bar in that [the Trial Judge] has already expressed his opinion that the defendant herein cannot be legally convicted of the crime charged, it is most respectfully requested that in the event the appellant is successful on this appeal, the matter be remanded to the Westchester County Court with the direction that the trial of the defendant Oleksowicz be heard before a judge other than [the Judge who tried Di Fate] (see *People* v. *La*

*Brake,* 28 N.Y.2d 625, 627)". We consider that request to be a reasonable one and accede to it.

We recognize, of course, that our interpretation of the applicable law could lead to inconsistent verdicts and the strange result of the facilitator being convicted notwithstanding that the person allegedly facilitated has been found not guilty at his trial. But that result flows from the unambiguous language of the pertinent statute. What is more, it cannot be said that the object of the statute is unreasonable. Had Michael Di Fate been convicted of the crime of larceny, that conviction could not have been used against defendant at his trial because he was not a party to the first trial. The People would have to prove Di Fate's guilt all over again in order to obtain a conviction against the defendant herein. In adopting subdivision 2 of section 115.10 of the Penal Law, the Legislature has simply concluded that the converse should also obtain, i.e., that the People should not be precluded from presenting their case against the alleged facilitator, whose interests were not at risk at the first trial, merely because they were unsuccessful in proving the guilt of the person allegedly facilitated. It is true that, in a sense, the People are thus afforded two opportunities to prove the same thing. However, they are given but one opportunity as to each defendant, and the possibility of inconsistent verdicts is not a sufficient ground upon which to ignore the clear language of the legislation.

BRACKEN, J. P., BROWN and BOYERS, JJ., concur.

Order of the County Court, Westchester County, entered May 18, 1983, reversed insofar as appealed from, on the law, that branch of defendant's motion which sought, pursuant to CPL 210.20 (subd 1, par [h]), dismissal of an indictment charging him with criminal facilitation in the fourth degree denied, indictment reinstated, and case remitted to the County Court, Westchester County, for further proceedings before a Judge other than the Judge who issued the order appealed from.