OPINION OF THE COURT
Thomas A. Demakos, J.
The defendant, Salvatore DeSimone, stands charged with *723 count five of the indictment, riot in the first degree ,and count nine of the indictment, criminal facilitation in the fourth degree. He now moves for pretrial relief seeking: (A) Reinspection of the Grand Jury minutes and dismissal of count five of the indictment; (B) Dismissal of count five of the indictment on the ground there exists a jurisdictional or legal impediment to conviction of the defendant for the offense charged, and (C) Dismissal of count nine of the indictment in the interests of justice.
After examination and consideration of the motion papers submitted by the defense, the People’s response thereto, and the oral argument held before me on January 19, 1988, this court must deny the defendant DeSimone’s motion in all respects.
On December 21, 1987, four of the defendant’s codefendants on the indictment hereunder were acquitted after trial (hereinafter referred to as People v Kern) of count five of the indictment, riot in the first degree. On the basis of those acquittals, the defendant now moves for a reinspection of the Grand Jury minutes and a dismissal of that count against him pursuant to CPL 210.30. He contends that the testimony adduced at the Kern trial, and the testimony presented in the Grand Jury which was provided at the Kern trial, is insufficient to now support his prosecution of riot in the first degree. Specifically, he argues that the acquittal of his four codefendants of riot in the first degree precludes the prosecution from proving at this trial the precise number of 10 or more persons, such number being a material element of the crime charged.
The defendant’s contention is without merit. The acquittals of the four codefendants at the Kern trial do not now preclude the prosecution from proving at the upcoming trial that 10 or more others participated in the event at issue. (People v Berkowitz, 50 NY2d 333; People v Oleksowicz, 101 AD2d 119.) Nor do the acquittals affect the ruling by this court (dated June 29, 1987) as to the legal sufficiency of count five of the indictment as against the defendant, DeSimone. At the upcoming trial, evidence of defendant DeSimone’s participation in the events at issue will be presented, evidence which had not been presented at the Kern trial, but which had been initially presented to the Grand Jury. Accordingly, the defendant’s request for reexamination of the Grand Jury minutes and dismissal of count five is denied.
The defendant further moves this court for an order dis *724 missing count five of the indictment upon the ground that there exists a jurisdictional or legal impediment to his conviction (CPL 210.20 [1] [h]). Specifically, he argues that count five, riot in the first degree, as defined in section 240.06 of the Penal Law, requires that the defendant act "simultaneously with ten or more persons”. The defense contends that inasmuch as 12 defendants are named in count five of the indictment and 4 of those 12 were acquitted in Kern (supra), only 8 defendants remain, which now collaterally estops the prosecution from proving that more than 10 persons participated in that crime.
It is the law in New York State that a criminal defendant whose interests were not put directly in issue at a prior proceeding may not utilize the doctrine of collateral estoppel as a bar to that issue (People v Berkowitz, supra, at 346; People v Oleksowicz, supra, at 124). The inappropriateness of permitting such collateral estoppel use of a codefendant’s acquittal is warranted in light of the disparties of proof, the legal availability of certain evidence, personal defenses and the like, which are unique to a particular defendant and which may result in one defendant’s acquittal without similarly inuring to the benefit of a codefendant (People v McGriff, 130 AD2d 141, 151).
Collateral estoppel will apply in a criminal case only if the parties are the same (Matter of McGrath v Gold, 36 NY2d 406) or are so closely related that they may be deemed as one for these purposes (People ex rel. Dowdy v Smith, 48 NY2d 477) and the issues are identical (People v Nieves, 106 Misc 2d 395). Additionally, it must be shown that the party against whom collateral estoppel is being sought had a full and fair opportunity to litigate the precise issue involved (People v Sailor, 65 NY2d 224; People v Berkowitz, supra).
This court finds that these requirements simply were not met in the instant case. Here, the defendant DeSimone was not a party in People v Kern (supra), and therefore was not in jeopardy with respect to that jury’s verdict (People v Oleksowicz, supra, at 125). Furthermore, inasmuch as DeSimone was not a party to that action, the prosecution did not have a full and fair opportunity to litigate his guilt. The acquittals in Kern (supra) of the four codefendants of riot in the first degree established that the jury did not find their guilt had been proven beyond a reasonable doubt; it does not mean that, at the upcoming trial, the People will be unable to prove the guilt of the defendant, DeSimone, beyond a reasonable doubt *725 (People v Berkowitz, supra, at 346). Moreover, the possibility exists that the Kern jury may have chosen to exercise its so-called mercy function, especially in that case which involved other more serious crimes (People v Berkowitz, supra, at 346).
Accordingly, the People are entitled to bring the defendant, DeSimone, and the remaining codefendants to trial and present evidence as against each of them without regard to the Kern trial (People v Oleksowicz, supra, at 125). Therefore, the defendant DeSimone’s motion to dismiss upon the ground that the People are collaterally estopped is denied.
The defendant, DeSimone, further moves this court for an order dismissing count nine of the indictment in the interests of justice (CPL 210.40). In examining the facts and circumstances present in this case in conjunction with the criteria enumerated in People v Clayton (41 AD2d 204), and codified in CPL 210.40, this court must deny this motion. The defendant’s moving papers did not make a prima facie showing of some compelling factor, consideration or circumstance clearly demonstrating that his prosecution hereunder would be unjust and an abuse of this court’s discretion (People v Thomas, 108 AD2d 884; People v Stern, 83 Misc 2d 935).
Accordingly, this court finds there is no basis for the dismissal of count nine in the interests of justice and the defendant’s motion is denied.