DARRYL NELSON, Petitioner, v ANN B. DUFFICY, as Justice of the Supreme Court of the State of New York, County of Queens, Respondent.

Second Department, December 10, 1984

#### APPEARANCES OF COUNSEL

*Caesar D. Cirigliano* (*Morty Manford* of counsel), for petitioner.

*John J. Santucci, District Attorney* (*Thomas E. Scott* of counsel), for respondent.

#### OPINION OF THE COURT

MANGANO, J. P.

By petition dated January 31, 1984, the Queensboro Society for the Prevention of Cruelty to Children (Society) charged Darryl Nelson, Sr. (Nelson), petitioner in the instant proceeding, with child abuse under section 1012 (subd [e], par [iii]) of the Family Court Act. The petition alleged that (1) Nelson had committed a sex offense against his eight-year-old stepdaughter by "repeatedly kiss[ing her] on the mouth and lay[ing] on top of

said child and rub[bing] his body up and down against the child" and (2) the Corporation Counsel of the City of New York was "made a party * * * pursuant to section 254 (b) of the Family Court Act".

On February 28, 1983, Nelson was arraigned on indictment number 407/84, charging him with sexual abuse in the first degree (two counts) (Penal Law, § 130.65, subds 1, 3) and endangering the welfare of a child (Penal Law, § 260.10).

At a fact-finding hearing conducted before the Family Court on the child abuse petition, the Society argued that petitioner had committed the crime of sexual abuse in the first degree against the child. By order dated June 27, 1984, the Family Court sustained the child abuse petition, finding that petitioner had committed the crime of sexual abuse in the third degree against the child.

On October 18, 1984, the petitioner commenced the instant proceeding in this court, pursuant to CPLR article 78, to prohibit the respondent Justice (and by implication, the District Attorney) from trying him on the instant indictment, on the ground of collateral estoppel.

In our view, the proceeding must be dismissed and the writ of prohibition denied.

It has been held that collateral estoppel "means simply that, when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit" (*Matter of McGrath v Gold*, 36 NY2d 406, 411). In this proceeding seeking a writ of prohibition, petitioner argues that (1) the Family Court's order of June 27, 1984 constituted a final determination of the charges contained in indictment number 407/84, i.e., it constituted an acquittal of the crime of sexual abuse in the first degree and (2) said determination was binding upon the District Attorney who, petitioner claims, stood in privity with the Corporation Counsel at the Family Court proceeding.*

We disagree with petitioner's argument.

Although the "common-law principles of collateral estoppel or issue preclusion" may be applied to criminal matters (see *People v Berkowitz*, 50 NY2d 333, 344; *Matter of McGrath v Gold, supra;* cf. *Ashe v Swenson*, 397 US 436, 443), the Court of Appeals has

---

* Petitioner previously raised the very same argument before Criminal Term, pursuant to a motion to dismiss the indictment. By order and accompanying memorandum both dated October 1, 1984, Criminal Term (Sherman, J.), rejected this argument and denied the motion to dismiss the indictment.

held that "neither the doctrine of collateral estoppel nor the principles of *res judicata* from which it has developed should be applied 'to criminal prosecutions in quite the same way as that body of doctrine is applicable to civil cases'" (*People v Berkowitz, supra,* p 344). In accordance with this cautionary approach to the application of the doctrine of collateral estoppel to criminal cases, the Court of Appeals has held that (1) "the criminal law counterpart of the rule of mutuality of estoppel * * * has never been discarded" and (2) "collateral estoppel will apply in a criminal case only if the parties are the same * * * or are so closely related that they may be deemed as one for these purposes" (*People v Berkowitz, supra,* pp 344-345; see, also, *Matter of McGrath v Gold, supra; People ex rel. Dowdy v Smith,* 48 NY2d 477, 482; *People v Lo Cicero,* 14 NY2d 374, 380). Particularly relevant in this regard is the specific language of the Court of Appeals in *Brown v City of New York* (60 NY2d 897, 898), wherein the court stated that the City of New York, represented by the Corporation Counsel, and the District Attorney, were "separate entities". Although it is true that this statement by the Court of Appeals was made in a factual context distinguishable from that at bar, we find nothing in the section of the Family Court Act dealing with the prosecution of child abuse proceedings in the City of New York (see Family Ct Act, § 254, subd [b]), that warrants any deviation from the principle enunciated by the Court of Appeals in *Brown v City of New York* (*supra*).

We are of the view that the nature of the child abuse proceeding in the Family Court precludes the application of the doctrine of collateral estoppel to the criminal matter at bar. It has been consistently held that proceedings pursuant to article 10 of the Family Court Act are civil in nature (see *People v Smith,* 62 NY2d 306; *Matter of Diane B.,* 96 Misc 2d 798). The sustaining of a petition in these proceedings does not subject the respondent to a criminal penalty. The object of a civil proceeding pursuant to article 10 of the Family Court Act is merely to determine whether there is a need to remove the child from the parental home and place him or her in a safer and more suitable environment (see *People v Kenyon,* 46 AD2d 409; *Matter of Maureen G.,* 103 Misc 2d 109; *People v Brown,* NYLJ, June 19, 1984, p 11, col 2).

Under these circumstances, it cannot be said that petitioner satisfied his burden of establishing that the issue of his guilt or innocence of the higher degree of the crime of sexual abuse was necessarily determined by the Family Court in his favor (see *Capital Tel. Co. v Pattersonville Tel. Co.,* 56 NY2d 11).

Accordingly, the proceeding must be dismissed and the writ of prohibition denied.

THOMPSON, BRACKEN and NIEHOFF, JJ., concur.

Proceeding dismissed on the merits, and writ of prohibition denied, without costs or disbursements.