■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VLADO BOSILKOFSKI, Appellant.—Judgment unanimously affirmed. Memorandum: On appeal from a judgment, following a bench trial, convicting defendant of seven counts of incest (Penal Law § 255.25), defendant claims that his daughter's testimony was not sufficiently corroborated, that Family Court's dismissal of a petition alleging abuse against defendant should collaterally estop the instant prosecution for incest and that defendant was denied the effective assistance of counsel. There is no merit to any of these claims.

Accepting for purposes of argument that the trial court, sitting as the fact finder, correctly found that defendant's daughter was an accomplice *(cf., People v Facey,* 115 AD2d 11, *affd* 69 NY2d 836), her testimony that she had intercourse

with the defendant in the family home during several weekends in May and June 1985 was sufficiently corroborated. The doctor who examined her following the most recent incident found vaginal abrasions consistent with intercourse, as well as the presence of acid phosphatase not normally found in the vagina and found only in male seminal fluid. No sperm was found in the victim's vagina, which is consistent with the testimony that defendant had a vasectomy. Moreover, medical records refuted the claim that defendant was impotent and physically incapable of intercourse. Lastly, a certified psychiatric social worker who counseled defendant's daughter testified that the daughter conformed to the profile of a sexually abused child. Thus, there was sufficient corroboration of the daughter's testimony to convict defendant of the incest counts charged in the indictment.

Defendant's claim of collateral estoppel was not properly preserved for review and is without merit in any event. Defendant made no pretrial or trial motion and the court made no trial ruling on the collateral estoppel issue. The doctrine is inapt here in any event because the issues in the Family Court and criminal proceedings were not identical. (cf., People v Acevedo, 69 NY2d 478). The indictment charged defendant with committing incest on specific dates not contained in the abuse petition (see, People v Plevy, 52 NY2d 58, 64-65; People v Berkowitz, 50 NY2d 333, 346; Nelson v Dufficy, 104 AD2d 234, lv denied 64 NY2d 610; People v Fagan, 104 AD2d 252, affd 66 NY2d 815). Since a child abuse proceeding is civil in nature (see, People v Smith, 62 NY2d 306) with the object to determine whether there is a need to remove a child from its parental home, the issue of defendant's guilt or innocence of incest as charged in the indictment was not necessarily determined by Family Court's dismissal of the abuse petition (Nelson v Dufficy, supra; People v Fagan, supra). Moreover, the District Attorney was not the petitioner in the Family Court proceeding (see, People v Lo Cicero, 14 NY2d 374, 380). Collateral estoppel applies in criminal cases only if the parties are the same (see, Matter of McGrath v Gold, 36 NY2d 406, 411), or are so closely related that they may be deemed as one (see, People ex rel. Dowdy v Smith, 48 NY2d 477, 482). Since the petitioner and prosecuting attorney in the Family Court proceeding lack such a relationship with the District Attorney, collateral estoppel is inappropriate in this case (see, Nelson v Dufficy, supra).

Defendant's claim of ineffective assistance of counsel is not established by the record. On the contrary, the record reveals

that trial counsel successfully moved to dismiss 20 of the 27 counts of the indictment and otherwise effectively represented defendant throughout the trial. (Appeal from judgment of Supreme Court, Erie County, Leaman, J.—incest.) Present—Callahan, J. P., Doerr, Boomer, Green and Pine, JJ.