OPINION OF THE COURT
Donald N. Silverman, J.
Defendant moves for dismissal of the first three counts of *192 the indictment pursuant to CPL 210.20 (1) (h). The counts are: assault in the first degree, criminal possession of a weapon in the fourth degree, and endangering the welfare of a child. The defendant asserts that the People are collaterally estopped from litigating the issue of whether he intentionally caused injury to his daughter by means of a dangerous instrument.
This appears to be a case of first impression, and for the reasons stated below, the motion is granted.
On or about April 29, 1990 when the defendant was bathing his three-year-old daughter she sustained first degree burns to her buttocks and upper right foot. The child was brought by the defendant to Yonkers Hospital shortly after the incident. He was subsequently interviewed by Child Protective Services, the Westchester County District Attorney’s office, and the Yonkers Police. On May 4, 1990 the child was placed in the care of the Westchester County Department of Social Services. On May 16, 1990 an abuse and neglect petition was filed by the Westchester County Family Court against defendant and the child’s mother.
A trial was held in the Westchester County Family Court on July 6, 1990. The court (Lefkowitz, J.) made a finding of neglect rather than abuse. The Westchester County District Attorney then filed a felony complaint in the City Court of Yonkers on July 25, 1990, and on September 26, 1990 defendant was indicted. The first three counts of the indictment relate to the very same conduct alleged in the abuse and neglect petition.
Collateral estoppel, as an aspect of res judicata, is applicable to criminal cases (Matter of McGrath v Gold, 36 NY2d 406, 441). The term " 'means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future law suit’ ” (People v Goodman, 69 NY2d 32, 37, quoting Ashe v Swenson, 397 US 436, 443).
It has been consistently held that proceedings pursuant to article 10 of the Family Court Act are civil in nature (People v Smith, 62 NY2d 306). The fact that one proceeding is criminal and one proceeding is civil is not determinative as long as all criteria have been met (People ex rel. Dowdy v Smith, 48 NY2d 477). The criteria which must be met in order to apply the estoppel doctrine in a subsequent criminal case are: identity of parties, identity of issues, and a prior proceeding resulting in a final and valid judgment in which the party *193 opposing the estoppel had a "full and fair opportunity” to litigate. (People v Goodman, supra, at 38.)
In the Family Court proceeding the defendant admitted that he caused his daughter to sustain burns by attempting to bathe her-in water which was too hot. The issue presented to the court for determination was whether this was an act of negligence, possibly giving rise to a neglect finding, or instead an intentional act of abuse.
Under section 254 (b) of the Family Court Act "In all cases involving abuse, the corporation counsel of the city of New York and outside the city of New York, the appropriate district attorney shall be a necessary party to the proceeding.” Thus, in this Westchester County proceeding the District Attorney was a necessary party, and did in fact have a "full and fair opportunity” to litigate the issue of abuse. (See, Gilberg v Barbieri, 53 NY2d 285.) The District Attorney cannot be heard to argue now that since they sat on their hands in the Family Court the issues were not fully litigated. They need only be provided with an "opportunity.”
It should be noted that procedural options were available to the People if they were not satisfied with the Family Court ruling: "An appeal from an intermediate or final order or decision in a case involving abuse may be taken as of right to the appellate division of the supreme court and shall have preference over all other matters.” (Family Ct Act § 1112 [a].) The District Attorney did not file an appeal. In addition, in accordance with Family Court Act § 1061, the People could have moved to set aside, modify or vacate the Family Court’s decision. No motion was brought. The Family Court’s decision cannot be construed as anything but final.
In arguing against the application of estoppel principles here, the People rely heavily on Nelson v Dufficy (104 AD2d 234), a Second Department case originating in Queens County.
Of course, since the Family Court proceeding in Nelson was prosecuted by Corporation Counsel alone, rather than (or with) the District Attorney, there was no identity of parties (Brown v City of New York, 60 NY2d 897). However, the Nelson decision also reasoned that the Family Court finding of sexual abuse in the third degree, under the facts of that case, did not necessarily amount to an adjudication of the higher offense of sexual abuse in the first degree. Why that is so is not fully discussed, but the court did comment on the difference in objectives between Family Court proceedings and *194 criminal prosecutions. It is significant that the Appellate Division provided in its Nelson decision that under the circumstances of that particular case it could not be said that the defendant received a favorable adjudication on the higher degree of the crime of sexual abuse. The decision does not rule out the applicability of estoppel principles in cases where the Family Court adjudication is without ambiguity. In fact, if the Family Court "necessarily” determined an issue of guilt or innocence, the Nelson decision might be said to stand for the application of estoppel principles (see, supra, 104 AD2d, at 236, citing Capital Tel. Co. v Pattersonville Tel. Co., 56 NY2d 11).
The Family Court finding in this case is not burdened by ambiguity. The court specifically credited the defendant’s testimony and found his daughter’s injuries were caused by accident and not by acts of intentional abuse.
It is therefore clear that the defendant has satisfied his burden of establishing that the issue of guilt or innocence was "necessarily” determined by the Family Court in his favor. Needless to say, the quantum of proof necessary at a Family Court proceeding (preponderance of the evidence) is lower than that required at a criminal proceeding (beyond a reasonable doubt) and under this lesser burden, the People failed to establish abuse.
The People have not contended here that there is evidence presently available which was not available at the time of the prior proceeding. In fact at the dispositional hearing, held on a date following indictment, the case study prepared for the Family Court, if anything, confirmed the court’s finding of no abuse (reference in record to report of Dr. Eileen Bloomingdale).
Underlying the doctrine of collateral estoppel are "concerns for conserving the time and resources of the courts and litigants, as well as fairness to the defendant” (People v Acevedo, 69 NY2d 478, 485). While there is nothing in the Family Court Act or the Criminal Procedure Law which precludes criminal prosecution following a Family Court adjudication, in proper cases the principles of estoppel may effectively prevent needless relitigation and the fundamental injustice of having a defendant defend twice the same accusation. *195 (See, Besharov, Practice Commentary, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act § 1014, at 300.)
All criteria commonly required to establish estoppel are present in this case, and application of this doctrine precludes prosecution of the first three counts of the indictment. These counts are therefore dismissed.