*986 OPINION OF THE COURT
Bernard J. Fried, J.
Defendants move, in their respective omnibus motions, inter alla, to dismiss the instant prosecution claiming it is barred by collateral estoppel.[1] The issue presented is whether the People are barred from litigating the propriety of defendants’ search and seizure in this criminal action, by virtue of a Family Court suppression order, resolved in favor of a juvenile subjected to the identical search and seizure.
The relevant facts can be briefly summarized as follows: On July 24, 1992, defendants Batista, Mena, Nieves and a fourth individual were arrested after the police stopped, searched and recovered two guns from a vehicle in which they were travelling. The three defendants were indicted on charges relating to the criminal possession of that weapon. As for the fourth individual, juvenile delinquency proceedings were commenced against him in the Family Court.
On October 16, 1992, a Mapp hearing was conducted in the juvenile proceedings. The minutes of the suppression hearing show that the two arresting officers testified on behalf of the presentment agency, the Corporation Counsel of the City of New York. Their testimony recounted the circumstances surrounding their stop of an automobile containing the juvenile and the three defendants and the subsequent seizure of two guns from inside the vehicle. At the conclusion of the hearing, following oral argument, the Family Court Judge, though not detailing findings of fact and conclusions of law, concluded "that there is no reason to believe the activities of the police officers were lawful” and further found that the police did not have "any right whatsoever to search this vehicle or anyone who was in this vehicle”. Accordingly, the Judge ordered that the guns seized be suppressed and the juvenile delinquency petition dismissed.[2]
It is defendants’ contention that collateral estoppel effect must be applied to the Family Court determination to suppress the guns, upon which the indictment in the case at bar is premised. The People maintain, and I agree, that not all the prerequisites for the application of the doctrine have been met and, therefore, the motion should be denied.
*987 The doctrine of collateral estoppel, long recognized as applicable to criminal proceedings (People v Berkowitz, 50 NY2d 333, 344 [1980]), precludes relitigation of issues resolved in a defendant’s favor at an earlier proceeding (People v Goodman, 69 NY2d 32, 37-38 [1986]). In essence, the doctrine means that once an issue of ultimate fact has been decided by a valid and final judgment, that same issue cannot again be litigated between the same parties in any future lawsuit (Ashe v Swenson, 397 US 436, 443 [1970]; Matter of McGrath v Gold, 36 NY2d 406, 411 [1975]).
Before the doctrine can be invoked by one party against another, certain criteria must be satisfied: first, the determination made in the prior proceeding must have been a final and valid judgment; second, the issue decided in the previous proceeding must be identical to that presented in the subsequent proceeding; third, the parties in both proceedings must be identical; and finally, the party sought to be estopped must have had a full and fair opportunity to litigate the issue previously decided (People v Goodman, supra, at 38). Beyond this formal framework, I am also mindful of the cautionary approach that must be taken when determining whether the doctrine is applicable in a criminal action. As has been observed, the doctrine is less relevant in criminal cases than it is in civil disputes since society’s primary concern in the former is the "correctness of the result * * * for the major function of a criminal proceeding is the conviction of the guilty and the acquittal of the innocent” (People v Berkowitz, supra, at 345); in contrast, society’s primary interest in the latter is the "peaceful, swift and impartial resolution of private disputes” (People v Plevy, 52 NY2d 58, 64 [1980]).
Turning to the present case, the People do not appear to dispute that the first two prerequisites, finality of judgment and identity of issues, have been met.[3] They maintain, however, that the two remaining criteria, identity of parties and an opportunity to have fully and fairly litigated the issue, are lacking since the office of the District Attorney was not a party to the Family Court proceedings.
Identity of parties is an indispensable precondition to invok *988 ing the doctrine of collateral estoppel. In this regard, the doctrine will apply in a criminal case only if the parties are the same (see, Matter of McGrath v Gold, supra) or are so closely related that they can be deemed as one (see, People ex rel. Dowdy v Smith, 48 NY2d 477, 482 [1979]). Since here there is no question that the respective prosecuting attorneys —the Corporation Counsel in the prior Family Court proceeding, and the District Attorney in the instant criminal action— are not the same party, the inquiry becomes whether the District Attorney and the Corporation Counsel stand in sufficient relationship to be considered identical for collateral estoppel purposes. Under Brown v City of New York (60 NY2d 897 [1983]), and its progeny, this question must be answered in the negative. In Brown (supra, at 898-899) the Court of Appeals clearly stated: "The city [as represented by the Corporation Counsel] and the District Attorney are separate entities and * * * do not stand in sufficient relationship to apply the doctrine.” There, the plaintiff claimed that a previous determination made in his criminal case — that there was no probable cause for his arrest — collaterally estopped the City of New York from litigating the issue in his civil action for false arrest, false imprisonment, assault, and malicious prosecution. In rejecting plaintiff’s claim, the Court of Appeals held that since the city, as represented by the Corporation Counsel, and the District Attorney were neither the same entity, nor sufficiently related to be deemed as such, an essential element for application of the doctrine was lacking (supra).
Subsequent to Brown (supra), two appellate courts of this State have determined that the holding in Brown applies in the context of Family Court child abuse proceedings and criminal proceedings (see, People v Roselle, 193 AD2d 56 [2d Dept 1993]; Nelson v Dufficy, 104 AD2d 234 [2d Dept 1984], lv denied 64 NY2d 610; People v Bosilkofski, 134 AD2d 869 [4th Dept 1987]).
For example, in Nelson v Duffcy (supra), the petitioner defendant, in a CPLR article 78 proceeding, maintained that a Family Court finding that he committed the crime of sexual abuse in the third degree, constituted an acquittal of the crime of sexual abuse in the first degree and thus barred his prosecution of such charges in his criminal case. Recognizing that the nature of Family Court child abuse proceedings is civil in nature, the Court saw no reason to deviate from the *989 holding in Brown (supra), and held that the prosecuting attorney in the Family Court child abuse proceedings and the District Attorney were not so closely related that they could be deemed as one for collateral estoppel purposes (Nelson v Dufficy, supra, at 236; see also, People v Bosilkofski, supra [where a similar claim, though unpreserved for appellate review, was rejected by the Fourth Department as being without merit]).
Under the circumstances here, I too conclude that given the dissimilar nature of Family Court juvenile delinquency proceedings and criminal proceedings, the rule announced in Brown (supra) governs. Unlike the instant criminal prosecution, the prior Family Court Act, which has as a primary consideration the "needs and best interests” of the juvenile (Family Ct Act § 301.1), was not criminal in nature. Although, juvenile delinquency proceedings do concern conduct charged, which if committed by an adult would constitute a crime, such proceedings are recognized as essentially civil. In this regard, it has been observed that delinquency proceedings have a "dual nature” in that although involving criminal conduct, "the process itself is a civil proceeding” (Matter of Carmelo E., 57 NY2d 431, 435 [1982]). At most, such a proceeding is " 'quasi-criminal’ ” (Matter of Natasha C, 80 NY2d 678, 682 [1993]).
Thus, given the fundamental dissimilarities between the two proceedings, there is no sound basis to deviate from the rule in Brown (supra) and conclude that the presentment agency in such a proceeding, the Corporation Counsel, is sufficiently related to the prosecuting attorney in a criminal action.[4]
The inability of the District Attorney to participate in the Family Court Mapp hearing (see, Family Ct Act § 254 [a]) further underscores the point. Concomitantly, it also establishes that the District Attorney in this case simply did not have the opportunity to fully and fairly litigate the issue. Manifestly, then, having not participated nor having not had the opportunity to participate in the prior Family Court Mapp hearing, the People have not had their day in court. Thus, collateral estoppel is not applicable and the People are enti *990 tied to be given the opportunity to litigate the propriety of the police stop, search and seizure in the instant criminal prosecution.
Accordingly, defendants’ motion to preclude the instant prosecution, on collateral estoppel grounds, is denied in its entirety.

. My decision on the remaining relief requested by defendants has been filed separately.

. The court’s decision was issued orally and is a part of the record in the Family Court proceedings.

. It is not argued, nor is there any indication that the order of the Family Court Judge was not a valid and final judgment. Further, it is quite clear that a Mapp hearing in the instant criminal action would essentially mirror the circumstances and issues presented at the Family Court suppression hearing.

. Parenthetically, it should be noted that People v McGriff (130 AD2d 141 [1st Dept 1987]) is not controlling since there the two prosecuting agencies were the New York County District Attorney and the Queens County District Attorney; both criminal prosecuting attorneys.