OPINION OF THE COURT
Ariel E. Belen, J.
*847 Defendant Zaslavsky is moving for summary judgment dismissing the complaint and asks for sanctions against the plaintiff. Defendant alleges that neither she nor her car were involved in the two-car collision with plaintiff’s car that allegedly occurred on October 22, 1992.
A hearing pursuant to Vehicle and Traffic Law § 510 was requested by the defendant to resolve the issue of whether her car was involved in the accident herein. It was held on June 14, 1994 at the Department of Motor Vehicles, Safety Hearing Bureau (hereinafter DMV).
Although advised of the DMV hearing date and its purpose, plaintiff declined to attend. An attorney from the firm representing him in the present action appeared at the administrative hearing and objected upon the record to any such hearing being held until after the pending civil damages suit had concluded. This lawyer also stated that plaintiff would not appear or testify in the administrative proceeding so as not to prejudice his civil suit.
The hearing proceeded over plaintiff’s objection. The only evidence presented before Administrative Law Judge Robert Krengel was that brought by the defendant Fanya Zaslavsky. She testified that at the time of the alleged occurrence she was at a job interview, which she had driven to and from in the vehicle described by plaintiff in his lawsuit. In support of her testimony, Zaslavsky presented a written statement from an independent witness, the person who had allegedly interviewed her for the job.
The Administrative Law Judge consequently found that there was not a scintilla of evidence at the hearing to show that a motor vehicle accident occurred on October 22, 1992 or that Ms. Zaslavsky was involved in any such accident. The Judge found plaintiff violated Vehicle and Traffic Law § 605 (a) by giving false information in his motor vehicle accident report and by mistakenly reporting that Ms. Zaslavsky’s vehicle was involved in an accident. The Judge further suspended plaintiffs license for 30 days for that violation of Vehicle and Traffic Law § 605 (a).
Defendant alleges that the doctrine of collateral estoppel applies to estop plaintiff from pursuing his civil lawsuit against her, based upon the findings in the DMV administrative adjudication. Defendant urges that plaintiff had the opportunity to litigate the issue of liability before the Administrative Law Judge and the issue determined in that hearing was material and at issue in the present action.
*848 It should be noted in this regard that discovery had not been completed prior to the DMV hearing. The examinations before trial scheduled in the pending Supreme Court proceeding had not been held, but rather had been previously scheduled for a date in July 1994, one month after the DMV hearing.
Plaintiff contends that collateral estoppel does not apply. The rules of evidence that are applied in a civil lawsuit are not utilized in administrative hearings. For example, the Administrative Law Judge accepted an affidavit from a nonparty witness who did not testify and was not subject to cross-examination. The evidence of this so-called independent witness' was crucial to the determination reached in this matter. Under such circumstances, plaintiff argues that a full and fair hearing could not be held and plaintiff had a reasonable basis for his refusal to participate. Plaintiff cites Siegel, NY Prac § 467 (2d ed), pointing out that since plaintiff appropriately declined to appear in the administrative hearing, there was no full and fair opportunity for plaintiff’s allegations to be heard and therefore collateral estoppel cannot be applied.
There is no question that although there are procedural differences in the conduct of administrative hearings and trials in courts of law, the doctrines of res judicata and collateral estoppel are applicable to determinations of administrative agencies rendered pursuant to their adjudicatory functions. (See, e.g., Ryan v New York Tel. Co., 62 NY2d 494 [1984]; Bernstein v Birch Wathen School, 71 AD2d 129 [1st Dept 1979].)
In the case of Brugman v City of New York (102 AD2d 413 [1st Dept 1984], affd 64 NY2d 1011 [1985]), the appellate courts affirmed the granting of summary judgment to the defendant dismissing the complaint. The Court found that the administrative determination denying accidental disability benefits established that the plaintiff’s injury was not caused by his accidentally tripping over a stump on a street maintained by defendant as plaintiff claimed, but rather from the mere lifting that was a part of his job. The appellate courts decided that this finding collaterally estopped plaintiff from relitigating the issue of causation before a jury. The appellate courts held in this manner despite plaintiff’s claim that the documents and reports utilized by the medical board for its findings had not been subjected to cross-examination. Yet, unlike the present case, Brugman had submitted documents to the administrative board and testified before them.
In the present case, the issue determined in the Department of Motor Vehicles hearing was the precise issue that would be *849 determined upon a trial. The plaintiff argues that the acceptance of a bare affidavit by the Hearing Judge without plaintiff having had an opportunity to investigate or cross-examine the witness, prevents collateral estoppel from being applied.
The second major prong in determining whether issue preclusion should be applied is whether plaintiff had a full and fair opportunity to litigate the material issue before the agency. Here before depositions, a piece of paper purporting to be an affidavit of a person claiming to have been with the defendant at the time of the accident was accepted in corroboration of her story. Plaintiff here alleges that he saw the defendant’s car hit his car and that he had the opportunity to take the license plate number of that car before it precipitously left the scene. Although plaintiff declined to raise these allegations at the hearing, his attorney can have reasonably foreseen that the different rules at the administrative hearing permitted defendant to corroborate her story while plaintiff not having completed discovery, could not. As a result, had plaintiff agreed to proceed with the hearing before discovery was completed, he could well have expected to lose at the administrative hearing and thereby lose his civil damages suit through collateral estoppel without ever having had a full and fair opportunity to litigate his claim.
According to the case Gilberg v Barbieri (53 NY2d 285 [1981]), one factor in determining whether a prior adjudication should be given collateral estoppel effect is the significance of that determination to the party. In Gilberg, it was found that defendant’s having been found guilty of harassment in a City Court and given a conditional discharge could not be the basis of a finding against him in a civil damages suit for assault. Although the issues were identical, the defendant could not have been expected to defend the City Court case, where it was a virtual certainty that no serious sanctions would be applied to him if found guilty, with the same seriousness and vigor that he would be expected to bring to the civil suit requesting damages in an amount that would have stripped defendant of everything he owned.
David Siegel’s treatise, New York Practice § 467 (2d ed), discusses the factors to be considered before applying issue preclusion in a specific case. Among these factors are the vigor of the defense in the first action; the extent of the (prior) litigation; the competence and experience of counsel; different burdens of proof and tactical oversight in prior action. While *850 allowing a default to be entered in the prior action does not protect a party from the collateral estoppel effect of that action, the mere fact that the party chose to allow the default should not in itself be grounds to preclude him from raising the issue determined by the default. Here the plaintiff can show a logical reason for taking the default at the DMV and opting to instead litigate here. While his attorney may well have made a tactical error in so doing, it would seem overly harsh to preclude plaintiff from further discovery on the issue determined at the DMV hearing and not provide plaintiff a full and fair opportunity to arrive at the truth of where defendant’s car was at the time of the accident.
Ordered that defendant’s motion for summary judgment is denied without prejudice to renew upon the completion of discovery herein.