OPINION OF THE COURT
Frank J. LaBuda, J.
The defendant, John Kearney, is indicted and awaiting trial *336 for (1) driving while intoxicated (felony), and (2) operating a motor vehicle without turn signal marker lights.
The prosecution alleges the defendant has a previous conviction of driving while intoxicated, a violation of Vehicle and Traffic Law § 1192 (3).
The issue before the court, brought by the defendant on a motion in limine prior to jury selection, is whether or not evidence of the defendant’s refusal to submit to a breathalyzer test, having been previously adjudicated at a motor vehicle commissioner’s hearing and dismissed, would be admissible in the prosecution’s case-in-chief on the issue of intoxication.[1]
Statement of Facts
On August 19, 2002 at 4:50 a.m., the defendant, John Kearney, was traveling to his home from the Bethel Woodstock festival, on a public highway in the Town of Bethel, County of Sullivan, State of New York. While operating the motor vehicle on the aforementioned date and time, the defendant was allegedly driving under the influence of alcohol. The arresting officer alleges that the driver’s breath smelled of alcohol. Furthermore, the arresting officer noted that the defendant exhibited diminished motor coordination and impaired speech. Lastly, when administered by the arresting officer, the defendant failed three field sobriety tests, most specifically an alco-sensor test. (The defendant blew into the apparatus in a manner as to prevent an accurate reading.)
The defendant blew into his hands instead of into the breathalyzer machine, constituting a refusal, and his oral admissions apparently supported his state of intoxication.[2] The defense now seeks to preclude the arresting officer from testifying at trial regarding the defendant’s refusal.
The legal issue is whether or not the trial court is precluded from resurrecting an issue that has been previously decided by an administrative agency, in this case, the Department of Motor Vehicles, since the hearing examiner found no refusal and reinstated the defendant’s driving privileges.
*337 The common-law doctrine of collateral estoppel, otherwise known as issue preclusion, is invoked to conserve the time and resources of the judicial system by precluding parties from re-litigating an issue, which was resolved in a previous action. (People v Plevy, 52 NY2d 58 [1980].)
Based on the notion that it would be unfair to allow parties to relitigate previously addressed issues, collateral estoppel can be and is invoked when there is (1) an identical factual issue, and (2) the defendant has had a full and fair opportunity to contest the accusation. (Gilberg v Barbieri, 53 NY2d 285 [1981]; 9 Carmody-Wait 2d § 63:515.) Furthermore, in order for collateral estoppel to apply, aside from the issue being identical, the parties themselves must also be identical or so closely related such that they may be deemed as one for the purpose of the action before the court. (People v Berkowitz, 50 NY2d 333 [1980].)
Administrative agencies, such as the Department of Motor Vehicles, are statutorily granted the power to determine whether or not a person’s privilege to drive shall be revoked.[3] Such a decision, which may result from a defendant’s refusal to submit to a chemical test administered by a police officer, is one of finality and therefore if such agency is acting within its judicial or quasi-judicial capacity, their decisions will be given a preclusive effect under collateral estoppel.[4] (Lee v Jones, 230 AD2d 435 [3d Dept 1997].)
When an administrative agency has the power to construct such decisions, and statutory law supports such power, those decisions put forth by such administrative agency are final and conclusive as though its adjudication was made by a court of general jurisdiction. (Jones v Young, 257 App Div 563 [3d Dept 1939].) When a decision is final and conclusive, collateral estoppel, otherwise referred to as preclusion, applies. (Jones v Young, 257 App Div 563 [3d Dept 1939]; 9 Carmody-Wait 2d § 63:512.) The doctrines of res judicata and collateral estoppel may apply to adjudicatory determinations of administrative agencies where the requirements for applying such doctrines have been *338 satisfied and where the administrative agencies have acted within their jurisdiction. (9 Carmody-Wait 2d §§ 63:511, 63:513, 63:514, 63:517.)
Since it is within the power statutorily granted to the Department of Motor Vehicles to make such decisions regarding refusals and revocations of operation of motor vehicles, in many cases, including this one presently before the court, this administrative decision would be final with respect to driving privileges.
However, in order for an issue to be precluded it must satisfy the aforementioned requirements of (1) the same parties as the previous litigation; (2) identical issues; and (3) the defendant awarded a full and fair opportunity to litigate those issues. The doctrine of collateral estoppel does not apply if the issues being litigated in a subsequent trial are not identical to those previously argued. (People v Bosilkofski, 134 AD2d 869 [1987].)
In this case, the parties are not identical. Indeed, the People were not represented at the refusal hearing. Although the issue is somewhat similar, this issue was litigated between the defendant and the Department of Motor Vehicles, whereas at the trial the parties consist of the defendant and the People of the State of New York and the issue is the defendant’s state of intoxication. In the present case, since the parties are not identical or overwhelmingly similar so as to be considered the same party, collateral estoppel is not appropriate.
Applying the doctrine of collateral estoppel is not an exact science and may therefore put forth different results when applied to an issue once tried civilly and subsequently tried criminally. The application of collateral estoppel in civil cases yields to the primary concerns of speed, efficiency and impartial resolution of personal disputes whereas in criminal cases achieving a correct result is paramount, and achieving a fair verdict outweighs the need to avoid repetitive litigation. (People v Plevy, 52 NY2d 58 [1980].)
Administrative hearings, including Department of Motor Vehicles hearings, are civil in nature and are therefore primarily used to swiftly and impartially resolve personal disputes, whereas in criminal cases, however, strive to uncover correct truths. Since they are two different issues (one civil and one criminal) one cannot determine the other. (People v Bosilkofski, 134 AD2d 869 [1987].)
The refusal issue, with respect to the license issue, was first heard and decided by an administrative Department of Motor *339 Vehicles judge and it was a civil matter. This previous hearing, as a civil matter, aimed to resolve disputes quickly, efficiently, and impartially. When one looks at this issue in a criminal light, the scope of the outcome is much different. Criminally, it must be decided what is the truth, despite how long or efficient the process might be. Since a Department of Motor Vehicles hearing is civil in nature with the sole objective to determine whether or not one is capable of maintaining a driver’s license, the issue of the defendant’s guilt and consequences on one’s liberty as charged by the indictment cannot necessarily be determined by a revocation of his license. (People v Bosilkofski, 134 AD2d 869 [1987].)
As a result, since the burden of proof varies greatly between an administrative trial and a criminal trial, this issue is not identical in both cases and would therefore not warrant preclusion.
Accordingly, testimony and evidence regarding the defendant’s refusal may be heard by this jury on the issue of intoxication. This matter shall not be precluded.

. All Huntley issues have been decided and the admissions to drinking and the refusal testimony have been held to be voluntary and admissible.

. Blowing into a mouthpiece (also known as the breathalyzer test apparatus) where an officer hears air coming from the corner of the defendant’s mouth instead of directly into the machine constitutes and supports the determination that such motorist’s conduct amounts to a refusal to take the chemical test. (Van Sickle v Melton, 64 AD2d 846 [4th Dept 1978].)

. The Department of Motor Vehicles is granted the power to put forth a motor vehicle commissioner’s hearing, which is both civil and administrative, to determine whether a person’s privilege to drive may be revoked or not. Such a hearing may be held when the defendant allegedly refuses to submit to chemical testing as directed by a police officer. (People v Riola, 137 Misc 2d 616 [1987].)

. Within judicial or quasi-judicial capacity means that the determinations and procedure of the agency are similar to those used in a court of law. (Lee v Jones, 230 AD2d 435 [3d Dept 1997]; 9 Carmody-Wait 2d § 63:511.)