*671 OPINION OF THE COURT
Sylvia Hinds-Radix, J.
In this action, plaintiff, Muneer Richards, moves for an order pursuant to CPLR 3213, granting the plaintiff summary judgment on the grounds that, under the doctrine of collateral estoppel, specific findings by a hearing committee of the New York State Department of Health, Office of Professional Medical Conduct (OPMC), preclude the defendant physician from contesting liability for battery in plaintiffs civil action.
Factual Background and Procedural History
The within action is for damages for an alleged battery which occurred on September 24, 2001. Plaintiff alleges that, on that date, she was battered by defendant, Milton Smith, a physician, during what was supposed to be a physical examination of the plaintiff. The plaintiff alleged that she sustained serious personal and psychological injuries as a result of the defendant’s battery.
A hearing was conducted of the incident, and the OPMC unanimously concluded that, during the physical examination of plaintiff, the defendant rubbed his clothed penis against plaintiffs hand, reached under plaintiffs brassiere and touched her nipple, and placed both hands through plaintiffs pants on her pelvis and touched her vagina. The OPMC found that defendant committed a battery on plaintiff and unanimously revoked the defendant’s license to practice medicine in New York. Dr. Smith was represented by an attorney at the OPMC hearing.
The plaintiff then instituted a civil action against the defendant. After the summons and complaint were filed and the answer was served, plaintiff filed a note of issue on November 15, 2004. Plaintiff now seeks an order, pursuant to CPLR 3213, granting the plaintiff summary judgment on the grounds that, under the doctrine of collateral estoppel, the unanimous factual findings by the OPMC hearing committee established a civil battery under PJI 3:3, thereby precluding the defendant from contesting liability for battery in plaintiffs civil action.
PJI 3:3 provides that “[a] person who intentionally touches another person, without that person’s consent, and causes an offensive bodily contact, commits a battery and is liable for all damages resulting from [his or her] act.”
*672 Defendant’s Opposition
Defendant opposes the plaintiff’s motion arguing that plaintiff’s motion should be denied because it is based on a misconstruction/misapplication of the Court of Appeals opinion in Jeffreys v Griffin (1 NY3d 34 [2003]). In the Jeffreys case, the defendant, a physician, was criminally convicted of first degree sodomy, for allegedly sodomizing a female patient while she underwent an office procedure under heavy sedation. Subsequent to the criminal conviction, the New York State Department of Health revoked the physician’s license. Following the committee’s decision to revoke the license, the defendant’s criminal conviction was reversed and on retrial he was acquitted of all the criminal charges. Defendant then moved in a civil action to vacate the prior decision on liability. The Court in Jeffreys (at 43) held that because “defendant was later acquitted after trial, he should not be precluded from contesting liability for assault and battery in plaintiffs civil action.”
Plaintiff, herein, contends that the Jeffreys case is distinguishable at best because unlike Jeffreys, defendant, in the present case, was acquitted in the criminal case before the OP-MC’s hearing committee began its hearing, and that despite defendant’s acquittal, the OPMC hearing committee reached a unanimous determination of the factual allegations. Plaintiff therefore contends that, under the principles of collateral estoppel, defendant is precluded from contesting liability for battery in plaintiffs civil action.
Issue
The question before this court is whether the findings by the OPMC hearing committee, that the defendant committed a battery on the plaintiff, precludes said defendant from contesting liability for battery in plaintiff’s civil action arising from the same incident.
Discussion
The doctrine of collateral estoppel has certain criteria for its application. It requires identicality and decisiveness of the issues and the opportunity for a full and fair hearing to be satisfied (see, Ryan v New York Tel. Co., 62 NY2d 494 [1984]). The principle of collateral estoppel is applicable to the determination of quasi-judicial administrative agencies and such determination when final becomes conclusive and binding on the courts (see, Ogino v Black, 304 NY 872 [1952]). It has long been settled *673 that an administrative determination may act as a bar to further litigation of the same claim, or the same issue, even though placed in a different frame of reference (see, Matter of Evans v Monaghan, 306 NY 312 [1954]).
New York courts have held that “[collateral estoppel precludes a party from relitigating in a subsequent action or proceeding an issue raised in a prior action or proceeding and decided against that party or those in privity” (see, Buechel v Bain, 97 NY2d 295, 303 [2001]; Ryan v New York Tel. Co., 62 NY2d 494, 500 [1984]). In order to invoke the collateral estoppel doctrine, it is required that (1) an issue in the present proceeding be identical to that necessarily decided in the prior proceeding, and (2) in the prior proceeding the party against whom preclusion is sought was afforded a full and fair opportunity to contest the issue (see, Schwartz v Public Adm’r of County of Bronx, 24 NY2d 65, 71 [1969]; Langdon v WEN Mgt. Co., 147 AD2d 450, 451 [1989]; Allied Chem. v Niagara Mohawk Power Corp., 72 NY2d 271, 276 [1988]). Preclusion applies to “issues that were actually litigated, squarely addressed and specifically decided” (Liddle, Robinson & Shoemaker v Shoemaker, 304 AD2d 436 [2003], quoting Ross v Medical Liab. Mut. Ins. Co., 75 NY2d 825, 826 [1990]).
Thus, in order to meet the issue before this court, and in order for the plaintiff to invoke the doctrine of collateral estoppel, plaintiff must demonstrate that the issue in the civil action was the same as that posed by plaintiff in the OPMC hearing, and that the issue was conclusively decided in the findings by the OPMC hearing committee.
Plaintiffs complaint identified not only the issue of battery, as was presented at the administrative hearing, but raised other liability issues, including the issues of negligence, serious personal injuries, assault and other causes of action. As other courts have held, for a question to have been actually litigated so as to satisfy the identically requirement, it must have been properly raised by the pleadings or otherwise placed in issue and actually determined in the prior proceeding (see, Schwartz v Public Adm’r of County of Bronx, 24 NY2d 65, 71 [1969]).
Despite the different issues raised in plaintiffs civil action, this court finds that plaintiff has satisfied her burden with reference to the issue of battery which was dealt with at the administrative proceeding and which was fully defended by the defendant. The other issues raised in the instant action can be heard at a trial. This court follows the argument in Jeffreys (at *674 37) that the “doctrine of collateral estoppel” is flexible. Therefore, in view of the factual circumstances of this case, plaintiff has demonstrated and has met her burden for summary judgment, on that issue, and as a matter of law summary judgment must be granted.
Further, this court finds that like the Jeffreys case, the facts in this present case are very unique. In the present case, despite the fact that defendant was acquitted in the criminal case prior to the OPMC hearing, the OPMC hearing committee reached a unanimous determination based on the factual allegations that defendant committed a battery on the plaintiff and unanimously revoked defendant’s license to practice medicine. The court further agrees with the defendant’s conclusion that, like the Jeffreys case, there has been two inconsistent and contrary findings as to defendant’s culpability.
However, this court is mindful of the difference in occurrence in these cases. For like Jeffreys, the decision of the OPMC hearing committee was in no way based upon the decision of the criminal court case. This court therefore sees no legal basis for the denial of plaintiffs motion on the limited issue of liability.
Based upon a review of the motion papers and exhibits submitted on the instant motion for summary judgment, this court finds that the requirements necessary to invoke the doctrine of collateral estoppel have been met. Plaintiff has established that the factual issue of battery which was decided in the OPMC hearing was identical to the issue raised in plaintiff’s civil action in the motion for summary judgment, and, therefore, the necessary identity of issue has been established.
Moreover, the defendant had a full and fair opportunity to contest the battery issue at the OPMC disciplinary hearing which is the very same issue raised upon this motion for summary judgment. Defendant was represented by counsel at the OPMC hearing and had an opportunity to testify and to call witnesses on his behalf. Nevertheless, the OPMC hearing committee unanimously found that defendant placed his clothed penis in plaintiffs hand, inappropriately touched plaintiffs breast, her vagina and buttocks area.
Consequently, collateral estoppel precludes the defendant from contesting the battery claim in plaintiffs civil action. A contrary holding would contravene precedent (see, Kaufman v *675 Eli Lilly & Co., 65 NY2d 449, 456-457) and the concept of fairness underlying the doctrine of collateral estoppel (see, Gilberg v Barbieri, 53 NY2d 285 [1981]).
Accordingly, plaintiffs motion for summary judgment on the issue of liability as against the defendant is granted.