OPINION OF THE COURT
Sondra K. Pardes, J.
The plaintiff, Michael Morra, moves for an order, pursuant to CPLR 3212, awarding summary judgment in favor of the plaintiff and against the defendant, Raimond Corssen Company, Inc., doing business as BMW of Oyster Bay, a motor repair and servicing corporation. The plaintiff bases his motion on the grounds of “res judicata and collateral estoppel.” The defendant opposes the plaintiffs motion. The defendant’s position is that, pursuant to Vehicle and Traffic Law § 398-e, the decision relied upon by the plaintiff, issued by an administrative law judge (ALJ), following a Department of Motor Vehicles (DMV) hearing, should not be given collateral estoppel or res judicata effect and the action should proceed to trial on the merits. In addition, the defendant claims that summary judgment is not appropriate because there are issues of fact which require a plenary trial.
I. Factual Background
The following facts are not in dispute.
In July of 1993, the plaintiff brought his 1982 BMW 528e (the vehicle) to the defendant’s BMW dealership, to diagnose and repair the vehicle’s engine, due to overheating. Thereafter, in 1993, the plaintiff filed a complaint with the DMV alleging that the defendant failed to provide quality repairs to said vehicle. In response to the plaintiff’s complaint, the DMV conducted an investigation and issued an official warning letter to the defendant on or about March 7, 1994.
As a result, on or about February 14, 1994, the plaintiff and the defendant entered into an agreement whereby the defendant agreed to repair the plaintiffs vehicle at no charge, except for the cost of parts, for a period of one year. The defendant rebuilt the engine of the plaintiffs vehicle, at a cost of $1,019.12 for parts. The vehicle was returned to the plaintiff on or about *399 April 29, 1994. Subsequent to this repair, the plaintiff returned the vehicle to the defendant on two separate occasions due to persistent problems with the engine. The plaintiff, on notice to the defendant, took the vehicle to two other automotive repair shops for a diagnosis of the problems. Thereafter, in 1995, the plaintiff filed a second complaint with the DMV The charges were as follows:
“Charge No. 1: Regulation § 82.5(f) Obligations of the repair shop. The repair shop shall make repairs covered by guarantee in that the respondent after being informed by Clover Automotive that the engine needs rebuilding or replacement, failed to honor it[s] one year unlimited mileage warranty.
“Charge No. 2: Regulation § 82.5(g) Wilfully failed to provide quality repairs in that respondent failed to properly install piston and oil rings, causing the engine to have compression and oil consumption problems prematurely.
“Charge No. 3: Regulation § 82.13(b) Wilfully failed to have adequate equipment, facilities and personnel competent to perform services offered in that the respondent’s personnel using respondent’s equipment, failed to diagnose an engine that needs rebuilding or a short block.
“Charge No. 4: Vehicle and Traffic Law § 398-e(l)(g) Committed fraud or a fraudulent or deceptive practice in that the respondent after agreeing that the consumer should bring the car to a neutral BMW dealership to have the engine checked, failed to repair or settle with the complainant after Rallye Motors, Inc. diagnosed a bad short block.”
A number of administrative hearings were held between April 1996 and June 1997, pursuant to Vehicle and Traffic Law § 398, to investigate the alleged violations of the regulations of the Commissioner of Motor Vehicles. The ALJ found that the defendant violated the Commissioner’s regulations and sustained charge Nos. 1 and 3. Charge Nos. 2 and 4 were not sustained. The ALJ imposed a penalty of $350 for each sustained charge. In addition the ALJ determined that the plaintiff had suffered a “financial loss” of $6,089.56. Pursuant to Vehicle and Traffic Law § 398-e (2) (b), the amount of the financial loss was added to the civil penalties for a total civil penalty of $6,789.56, due to the DMV However, pursuant to Vehicle and Traffic Law § 398-e (3) (a), the ALJ ordered that the defendant would be allowed to *400 pay restitution to the customer (plaintiff) in the amount of $6,089.56, in which case the civil penalty due to the DMV would be “forgiven.”
The defendant, pursuant to article 12-A of the Vehicle and Traffic Law and applicable regulations of the Commissioner, appealed the findings of the ALJ. In March of 1999 the Appeals Review Board affirmed the determination of the ALJ (exhibit N attached to the plaintiffs motion). Thereafter, the defendant brought a CPLR article 78 proceeding to the Appellate Division of the Supreme Court to review the determination of the New York State DMV Appeals Review Board. The Appellate Division confirmed the determination of the Appeals Review Board and dismissed the article 78 proceeding (277 AD2d 318; exhibit O attached to plaintiffs motion).
Thereafter, the defendant elected not to pay restitution to the plaintiff and paid the full civil penalty, $6,789.56, to the DMV Consequently, in 1999, the plaintiff commenced the instant plenary action to recover damages due from the defendant. The plaintiffs first cause of action set forth damages in the amount of $9,378.14 and was based upon the defendant’s alleged failure to diagnose, repair and rebuild the plaintiffs vehicle due to the defendant’s failure to have adequate equipment or adequate personnel to effectively rebuild the defendant’s vehicle. The plaintiffs second cause of action also set forth damages in the amount of $9,378.14 and was again based upon the defendant’s alleged failure to properly diagnose and repair the plaintiffs vehicle and due to the defendant’s failure to honor its warranty in violation of Regulations of the Commissioner of Motor Vehicles (15 NYCRR) §§ 82.13 (b) and 82.5 (f). In November of 1999, the defendant answered the complaint, denying the central allegations of the complaint and alleged seven affirmative defenses.
II. Legal Analysis
It is well settled that the court’s function in determining a motion for summary judgment is limited to searching the record for the presence of genuinely contested issues that require a trial (see, Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395 [1957]). In a motion for summary judgment, the initial burden lies with the moving party to argue and put forth facts showing that there are no issues of fact to be tried and that as a matter of law summary judgment should be granted.
*401 A. Vehicle and Traffic Law Article 12 — Motor Vehicle Repair Shop Registration Act
Vehicle and Traffic Law article 12-A, entitled “Motor Vehicle Repair Shop Registration Act,” was enacted in 1974. The purpose of the Motor Vehicle Repair Shop Registration Act is, inter alia, the furtherance of highway safety by promoting proper and efficient repair of motor vehicles, the protection of consumers from dishonest, deceptive and fraudulent practices, the elimination from business of persons who engage in dishonest or fraudulent practices, and the setting of standards for quality repairs. A fair reading of article 12-A compels the conclusion that the primary legislative intent was to promote safety and to protect consumers by regulating the fitness of repair shops (see, Matter of Allstate Ins. Co. v Foschio, 93 AD2d 328 [2d Dept 1983]; Vehicle and Traffic Law § 398-a).
To effect its purpose, the act provides for minimum requirements for the conduct of repair businesses and authorizes the Commissioner of the DMV to conduct administrative hearings and to impose sanctions upon businesses who violate the act (see, Vehicle and Traffic Law § 398 et seq.). The statute permits the Commissioner of the DMV to suspend or revoke a repair shop registrant’s license, if the repair shop is found to have violated sections of Vehicle and Traffic Law § 398-e (1). Moreover, in addition to revoking or suspending the license of a repair shop registrant, the Commissioner of the DMV may impose a penalty (Vehicle and Traffic Law § 398-e [2] [a]); and pursuant to Vehicle and Traffic Law § 398-e (2) (b), the penalty imposed may be increased if there is a “finding of financial loss” to any complainant or complainants as a result of the repair shop’s violation of Vehicle and Traffic Law § 398-e. Vehicle and Traffic Law § 398-e (3) (a) contains a provision to allow the repair shop to make “restitution” directly to the complainant in the amount of the “financial loss.”
Vehicle and Traffic Law § 398-e (3) (d) reads, in pertinent part, that:
“If payment of restitution may be substituted in lieu of a civil penalty or portion of a civil penalty, and the registrant or unregistered repair shop does not exercise the option to make such payment, the civil penalty becomes due as provided in subdivision two of this section and the provisions of that subdivision relating to suspension of registration and recovery of civil penalties shall apply.”
*402 Thus, although the Vehicle and Traffic Law permits the payment of the “financial loss” as restitution instead of the payment of a penalty, it does not require a repair shop registrant to pay the restitution to the complainant (customer). In the instant case, the ALJ’s decision permitted restitution to be made to the complainant in the amount of $6,089.56 in lieu of the higher payment of the civil penalty of $6,789.56 due to the DMV However, the defendant did not exercise its option to pay restitution to the complainant (i.e., the plaintiff herein).
B. Vehicle and Traffic Law § 398-e (3) (e)
As the plaintiff did not receive restitution from the defendant, he instituted this plenary action, which is permitted, pursuant to Vehicle and Traffic Law § 398-e (3) (e).
Vehicle and Traffic Law § 398-e (3) (e) states, in relevant part, that:
“Any payment made in compliance with such a finding of financial loss shall not preclude any civil action which may be brought by the complainant, registrant or unregistered repair shop, and any such finding may be considered but shall not be binding upon any court before which any such action is brought.” (Emphasis added.)
This court is now called upon to determine the meaning of these statutes and their application to the instant case. The defendant asserts that the statute’s reference to “finding of financial loss” means that the ALJ’s decision, in toto, is not binding in this civil action. The plaintiffs position is that the phrase the “finding of financial loss” refers only to the amount of the loss sustained by the complainant (i.e., restitution), and not to the issue of the defendant’s liability. Therefore, the plaintiff asserts that the doctrines of res judicata and collateral estoppel apply to the ALJ’s determination with respect to the defendant’s fault.
The Vehicle and Traffic Law statute is in derogation of the common law and must be strictly construed (see, Rust v Reyer, 91 NY2d 355 [1998]). Vehicle and Traffic Law § 398-e (3) (a) clearly states, in pertinent part:
“Upon a determination that a . . . repair shop has done or failed to do any act for which suspension of the registrant’s registration or a civil penalty against the . . . repair shop could be imposed, the person making such determination may make a *403 finding of financial loss to any complainant . . . . ."(Emphasis added.)
This court finds that the clear language of the statute provides that a determination with respect to the repair shop’s fault must be made prior to the ALJ’s consideration and determination with respect to a “finding of financial loss.” Based on the above this court finds that the phrase “finding of financial loss” in Vehicle and Traffic Law § 398-e (3) (e) is limited to amount of the loss sustained by a complainant and it is only that determination that is “not binding” on the court.
Thus, pursuant to Vehicle and Traffic Law § 398-e (3) (e), the finding of financial loss by the ALJ in the instant case in the amount of $6,089.56 may be considered, but is not binding on this court.
C. Collateral Estoppel and Res Judicata
The court must now consider the effect of the ALJ’s determination with respect to the defendant’s liability. Although the plaintiff uses the terms res judicata and collateral estoppel interchangeably, it is clear that only the doctrine of collateral estoppel applies to this case. The doctrine of res judicata, sometimes described as “claim preclusion,” is designed to prevent the relitigation of a claim that has been fully and duly decided (see, Siegel, NY Prac § 442 [4th ed]). The plaintiff herein is clearly not seeking to preclude all of the claims litigated in the DMV administrative hearing. Rather, he is asking only that the defendant be precluded from relitigating the issue of his liability for the plaintiff’s damages.
The doctrine of collateral estoppel, “otherwise known as issue preclusion, is invoked to conserve the time and resources of the judicial system by precluding parties from relitigating an issue, which was resolved in a previous action” (see, People v Kearney, 196 Misc 2d 335, 337 [Sup Ct, Sullivan County 2003], citing People v Plevy, 52 NY2d 58 [1980]).
Although there are procedural differences in the conduct of administrative hearings and trials in courts of law, the doctrine of collateral estoppel is applicable to determinations of quasi-judicial administrative agencies rendered pursuant to their adjudicatory functions (see, Richards v Smith, 9 Misc 3d 670, 670 [Sup Ct, Kings County 2005]; Mantin v Zaslavsky, 172 Misc 2d 846 [Sup Ct, Kings County 1997]).
The elements of collateral estoppel are: (1) the issues in the present action must be identical to that necessarily decided in *404 the prior proceedings, and (2) the party to be precluded from re-litigating the issues must have had a full and fair opportunity to contest the prior determination (see, Shalit v State of N.Y. Dept. of Motor Vehs., 153 Misc 2d 241, 244 [Sup Ct, Nassau County 1992], citing Kaufman v Eli Lilly & Co., 65 NY2d 449, 455 [1985]).
After reviewing all of the documents submitted with respect to this motion, including the decision issued by ALJ Solomon, the court finds that the issues presented in this action are identical to the issues presented in the DMV hearing.
The factors to be considered in determining whether the party to be precluded has had a full and fair opportunity in the prior proceeding to contest the claim asserted against it include: “[T]he nature of the forum and the importance of the claim in the prior litigation, the incentive and initiative to litigate and the actual extent of litigation, the competence and expertise of counsel, the availability of new evidence, the differences in the applicable law and the foreseeability of future litigation” (Ryan v New York Tel. Co., 62 NY2d 494, 501 [1984]).
This court finds that the defendant herein has had a full and fair opportunity to litigate these issues in the prior administrative hearing. The defendant had a direct stake in the outcome of the administrative proceedings. The defendant’s technician and service manager testified in the administrative hearing. The defendant was represented by counsel throughout the three stages of the prior proceeding: at the initial DMV hearing which took place over the course of three days, at the Repair Shop Appeals Review Board and at the article 78 appeal heard by the Appellate Division.
Based on the above, this court finds that the requirements necessary to invoke the doctrine of collateral estoppel have been met. Accordingly, this court finds that the defendant is precluded from defending the issue of whether the defendant breached the warranty, pursuant to section 82.5 (f) of the Regulations of the Commissioner of Motor Vehicles and defending the issue of whether the defendant failed to diagnose and repair to the plaintiffs vehicle in violation of section 82.13 (b) of the Regulations of the Commissioner of Motor Vehicles, due to the defendant’s failure to have adequate personnel or equipment to perform the diagnose and repair.
However, inasmuch as Vehicle and Traffic Law § 398-e (3) (e) specifically provides that the ALJ’s determination with respect *405 to the financial loss sustained by the plaintiff “shall not be binding on any court,” the issue of the damages claimed by the plaintiff does require a trial.
Accordingly, the plaintiffs motion for summary judgment is granted with respect to the issue of the defendant’s liability only.